KEEP, Respondent, vs. QUALLMAN, imp., Appellant.

| 68 | 451 |
| 115 | 474 |

*March 3 — March 22, 1887.*

*Assault and battery: Self-defense: Court and jury: Evidence.*

1. In an action of assault and battery the evidence tended to show that when the defendant asked the plaintiff why the latter had slandered him the plaintiff immediately thrust his hand into his pocket and was about to draw it out again when the defendant knocked him down; and that the defendant had been warned that the plaintiff had threatened to inflict personal injury upon him and was a dangerous man and in the habit of shooting people. *Held,* that the question whether the defendant was justified in striking the plaintiff to prevent the latter from attacking him, should have been submitted to the jury.

2. Evidence of the quarrelsome and violent disposition of the plaintiff was admissible in such a case.

APPEAL from the Circuit Court for *Crawford* County. This action was brought to recover damages for an assault and battery alleged to have been committed by the defendant upon the person of the plaintiff.

The parties are neighbors, but not friends. On a certain Sunday afternoon they met in a public highway. Several other persons were present. The testimony tends to show that the defendant accosted the plaintiff by asking him, "What is the reason you are slandering me around all the time?" that immediately the plaintiff put his hand in his pocket, and was about taking it out again when the defendant struck him on the head with a cane twice, knocking him down. He got up and, as the defendant testifies, attacked the latter, whereupon they fought with their fists until plaintiff was vanquished and retreated. The defendant also testifies that he had just then heard that the plaintiff had told their neighbors to watch him; that previously he had been told that, at different times, the plaintiff had threatened to inflict personal violence upon him, and that plaintiff was in the habit of shooting people, and was a dangerous man; and when he put his hand in his pocket, the movement indicated to his (the defendant's) mind an intention to draw a revolver.

The court excluded other testimony offered by the defendant to show that the plaintiff was of a quarrelsome disposition and in the habit of using dangerous weapons. The jury were instructed that the defendant had shown no legal justification for the assault, and hence the defendant was liable to respond in damages therefor, and the case was submitted to the jury only for an assessment of damages. The damages were assessed at $175. A motion for a new trial was denied, and judgment was entered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

The cause was submitted for the appellant on the brief of *C. S. Fuller*, and for the respondent on that of *Webster & Miller*.

To the point that an assault with a knife or revolver, sufficient to justify the use of violence in defense, must be by

an actual exhibition of the weapon, and, if a gun or pistol, by a presentation thereof at the party assaulted, counsel for the respondent cited *Tarver v. State,* 43 Ala. 354; *Higginbotham v. State,* 23 Tex. 574; *State v. Epperson,* 27 Mo. 255; *State v. Church,* 63 N. C. 15; *Lawson v. State,* 30 Ala. 14; *Warren v. State,* 33 Tex. 514; *Woodruff v. Woodruff,* 22 Ga. 237.

LYON, J. It was not unlawful for the defendant to address the plaintiff as he did when they met on the highway, and if the plaintiff by his former threats of personal violence (if he made any), and by putting his hand in his pocket as testified to by the defendant (if he did so), gave the defendant reason to believe that he was about to draw a revolver or other weapon upon him, it was an assault, and the defendant had the right to act upon appearances and at once repel or prevent the supposed contemplated attack. See 1 Whart. Crim. Law, §§ 603–606. We think the testimony sufficient to send to the jury the question whether the acts of the plaintiff were sufficient to give the defendant reason to believe that he was in imminent danger of being attacked by the plaintiff when he knocked the latter down. That is to say, we think the testimony tends to prove a state of facts from which the jury might properly find the defendant was legally justified in striking the blows to prevent the plaintiff from attacking him. Hence the instruction that the defendant was absolutely liable in the action was erroneous. The instruction should have been that if the defendant had no reasonable grounds to fear an immediate attack by the plaintiff, or, having such grounds, if he used more force than was necessary to prevent such attack, the plaintiff could recover; otherwise not.

We are also inclined to think that on the authority of *State v. Nett,* 50 Wis. 524, proof of the quarrelsome and violent disposition of the plaintiff should have been received,

as elements in the correct solution of the questions above suggested.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.