WILLIAM I. CALLAHAN, Respondent, v. JULE BILLAT, Appellant.

**Kansas City Court of Appeals, January 11, 1897.**

1. **Trial Practice:** CONTINUANCE: ILLNESS OF STENOGRAPHER. An unverified application for a continuance on the ground that the court stenographer is unwell and there was no one else capable of taking his place, was properly overruled.

2. **Evidence:** TRAMPS. In an action to recover damages for unlawful shooting, evidence tending to prove that tramps were abroad in the country and that a station agent had been robbed, is immaterial.

3. **Witnesses:** WIFE. A wife at common law was not a competent witness for her husband and the statute does not remove this disability in cases of this nature.

4. **Instructions:** SELF-DEFENSE: WANTON SHOOTING. A party may use such force as is reasonably necessary to protect himself, home, and family from unlawful assault, but, when he goes beyond the limits that reasonably appear necessary, he becomes a trespasser and liable for resulting injury; and instructions bearing on these questions set out in the opinion are approved.

*Appeal from the Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Ryors & Vosholl*, for appellant.

(1) It is submitted under the law the defense had the same right to have the services of a stenographer as to have a competent judge, and it is not denied that the stenographer was too sick to attend the trial. This fact being known to the court, affidavits in support of motion were not deemed necessary. (2) The evidence excluded from jury at instance of plaintiff was relevant to the issue and should have been submitted. (3)

The wife should have been allowed to testify. In this suit the defendant should have been allowed under the statute the same rights of defense as if he were indicted and defending. (4) By the instruction prayed for by defendant and refused, the defendant only invoked the well-known principle of law, "From a lawful act performed in a lawful manner damages can not ensue." The court in giving and in refusing instructions submitted to the jury this case on an erroneous theory of the law. 1 Addison on Torts [Wood's Ed.], p. 9, sec. 3; 1 Waterman on Trespass, sec. 150, also same vol., sec. 155, and authorities there cited; *Brown v. Kendall*, 6 Cushing (Mass.), 292; *Morris v. Platt*, 32 Conn. 75.

*W. S. Pope* and *W. L. Vaughan* for respondent.

In this case we have carefully considered all of the appellant's contentions, and must confess that we fail to see the force of his objections, or the relevancy of the authorities cited in the brief to the case at bar. To begin, the answer is no defense to the cause of action stated by the plaintiff. He does not admit the shooting; nor does he plead anything in justification thereof; nor does he deny the allegations in the petition. The evidence sustains the allegations in the petition; the damages assessed are not excessive, and might well have been estimated much greater, for he admits that he had no occasion to hurt plaintiff. The shooting was wholly unjustified; was wanton, reckless, causeless, and cruel.

GILL, J.—Plaintiff sued the defendant for damages resulting from a pistol shot fired into the plaintiff in front of defendant's store, at Bonnot's Mills on the night of October 14, 1895. At the date mentioned defendant was a merchant at this village and occupied a two story building, the first

STATEMENT.

or ground floor being used for mercantile purposes, and the second story as a residence for his family. The evidence unquestionably shows that about 1 o'clock of the night in question the plaintiff, who was at the time very drunk, was standing or lying on the sidewalk in front of the store door; and while in that position was discovered by the defendant, and shot at and wounded in the knee of the right leg.

To justify the shooting, the defendant introduced the testimony of himself and some three others, members of his family, which tended to prove that they were aroused in the night by a rattling of the front store door as if someone was trying to break in. That thereupon the seventeen-year-old son of the defendant went out onto an uncovered porch over the store door and warned the intruder to leave, at the same time firing a pistol into the air. Father, son, and daughter then went down stairs into the store where they testified they found a prop to the door partially removed, though the door was still closed. The defendant then, which was about ten minutes after the first shot, went up to the second floor and out onto a side porch, from which he saw an object at or near the store door. He says that he again warned the party to leave, which caution the defendant says was not heeded, and he then fired three shots, one of which took effect as before stated, and the other two were found next morning lodged in the walk in front of the door. During all this time, according to the testimony of all defendant's witnesses, the party at the door was silent and motionless.

From other evidence in the case it appears that plaintiff had been about the village all the preceding day, visiting a saloon next door to defendant's store, and had become so intoxicated as to scarcely be able to walk. It seems that about midnight he straggled about and fell prostrate on the platform or walk in front of de-

fendant's store door, and was there discovered and shot by the defendant. The plaintiff at the time was in such a maudlin condition as to be heedless of defendant's warning and so unconscious as to be for hours thereafter unaware of his injuries.

The jury found for the plaintiff in the gross sum of $800, $300 of which was awarded as compensatory, and $500 as punitive or exemplary damages, and from a judgment in accordance with this verdict defendant appealed.

I. Defendant's counsel in their brief point out no substantial reason for disturbing the judgment. Some general and rather indefinite complaints are made but in none of them is there any merit. The first

TRIAL practice: point, I take it, is a complaint as to the
continuance: ill-
ness of stenog- court's action in denying defendant's appli-
rapher.
cation for a continuance. In referring to the record we find that when the cause was called for trial defendant's counsel filed a motion (and which was not even verified by affidavit) to have the court continue the case, alleging as grounds therefor that the court stenographer was unwell and that there was no one else capable of taking his place. The motion was overruled. I know of no rule of law or reason that will condemn the court's action in this matter. Even if the presence of the regular court stenographer should be treated as necessary to a proper administration of justice, we are not authorized from this record to assume that he was absent or that he was so indisposed as to be unable to perform his duties. It is true that defendant's motion states that said officer was "unwell," but fails to allege that he was for that reason incapacitated to take the evidence. Besides, the court may have found the facts to be otherwise than as stated in the motion, or even if true that still a fair trial could be had. There is not a shadow of merit in this contention.

The second alleged error seems to relate to the court's action in ruling out certain testimony which EVIDENCE: tended to prove that tramps were abroad in tramps. the country and that the station agent at that place had been at some time assaulted and robbed.

We fail to see the materiality of this evidence; it was properly excluded.

In answer to the third point, it is sufficient to say that at common law the defendant's wife was not a WITNESSES: wife. competent witness for her husband, nor has the disability been removed, except in the cases provided in our statutes, and that there is nothing here to bring defendant's wife within these exceptions.

As to the instructions, they in effect told the jury that defendant had the legal right to defend his person, INSTRUCTIONS: family, or property from violence on the self-defense: the part of the plaintiff; and that in so wanton shooting. doing defendant was justified in using such counter force or violence as under the circumstances appeared reasonably necessary; that "it was not necessary for it to be true that an attack was being committed, or was about to be committed as matter of fact; it is sufficient if the jury believe that defendant had reason to believe and did believe such attack was about to be made, or had been made by plaintiff, and acting under such belief used such care as a reasonably prudent and cautious man under like or similar circumstances would use." And further, the court of its own motion gave this instruction:

"5. If the jury find from the evidence that on October 14, 1895, the defendant had reason to believe and did believe that a burglary or other unwarranted attack upon his house was about to be committed or was being committed by the plaintiff herein and so believing fired his pistol with the sole purpose of resist-

ing said attack, and from no other purpose, then the verdict of the jury must be for defendant even though the jury do find from the evidence that such shot or shots caused the injury complained of, unless the jury should further find that such action on part of defendant was unnecessary and as no reasonable man under the circumstances would be guilty of.''

Plaintiff's instructions were based on a like theory, that defendant had the right to shoot the plaintiff if it was done in the necessary defense of his person, family, or property; but if the jury found ''that defendant unnecessarily, wantonly, or maliciously, or without cause or excuse, shot and wounded the plaintiff'' then the plaintiff ought to recover; and was entitled not only to such damages as were compensatory, but that they might assess against the defendant such further sum as would operate as a punishment to defendant and as a warning to others.

If any fault is to be found in the court's instructions, they were too liberal toward the defendant. While the law will justify a party in using such force as is reasonably necessary to protect himself, home, and family from the unlawful assault or intrusion of another, yet when the assailed shall go beyond the limits of what shall reasonably appear as necessary protection he then himself becomes a trespasser, and will be held responsible for the use of such unnecessary force.    Cooley on Torts [2 Ed.], 190.

The instructions, when all read together as one charge, fairly presented the law of the case; and since in our opinion the defendant had a fair trial of the issues involved, the judgment must be affirmed. It is so ordered.    All concur.