SAMUEL F. HANCOCK, Respondent. v. MISSOURI & KANSAS INTERURBAN RAILWAY CO., Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. ASSAULT AND BATTERY: Peremptory Instruction for Plaintiff. Where a peremptory instruction is given to find for plaintiff in an action for assault and battery, the propriety of such instruction must be judged from the standpoint of the evidence in defendant's behalf.

2. ———: ———: ———: Passenger: Conductor: Self-defense. Where a passenger quarrels with a conductor over a ticket and calls him a damned liar and starts to get up from his seat as though to strike him, and the conductor thereupon hits him with his fist; it was *held*, that a peremptory instruction to find a verdict for plaintiff, in an action for assault and battery, was erroneous.

3 ———: ———: ———: Reasonable Appearances. In an action for assault and battery, the defendant may show that in committing his assault he acted on reasonable appearances that one was about to be committed upon him by his adversary.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*Bowersock, Hall & Hook* for appellant.

(1) The defendant was entitled to go to the jury on the question of self-defense. Callahan v. Billat, 68 Mo. App. 435; Norris v. Whyte, 158 Mo. 20; Keep v. Quallman, 68 Wis. 451, 32 N. W. Rep. 233. (2) The defendant was not liable for the result of an altercation provoked by plaintiff. Scott v. Park & Road Co., 53 Hun 414; Peavy v. Railroad & Banking Co., 81 Ga. 485; Railroad v. Shropshire, 101 Ga. 33; Railroad & Banking Co. v. Hopkins, 108 Ga. 324.

*Horace H. Blanton* for respondent.

(1) Defendant's answer does not plead *son assault demesne.* This is an affirmative defense, which must be specially pleaded, and if not developed by plaintiff's case must be proved by defendant. Orscheln v. Scott, 90 Mo. App. 366; O'Leary v. Rowan, 31 Mo. 119; Sloan v. Speaker, 63 Mo. App. 324; Conway v. Reed, 66 Mo. 346; Blake v. Dammon, 103 Mass. 119. (2) There was no evidence offered by either plaintiff or defendant that plaintiff had assaulted defendant, and therefore plaintiff's instruction 1 was properly given. 2 Bishop's New Criminal Law, sec. 23, and cases cited in note 1; and secs. 30 and 31; Cooley on Torts (2 Ed.), 184, and cases cited; 1 Addison on Torts (6 Ed.), sec. 138; State v. Riseling, 186 Mo. 529; State v. Pohl, 170 Mo. 427; Fiero on Torts, p. 435; Murray v. Boyne, 42 Mo. 473. (3) The defendant is liable for the assault committed by its conductor in the line of his employment or in the course of the discharge of his duty to defendant. Redd v. Railroad, 161 Mo. App. 522; Neur v. Railroad, 143 Mo. App. 407; Marcum v. Railroad, 139 Mo. App. 219; Catley v. Railroad, 149 Mo. App. 142; Randell v. Railroad, 102 Mo. App. 342; Eades v. Railroad, 43 Mo. App. 545; Tanger v. Railroad, 85 Mo. App. 28; Farber v. Railroad, 116 Mo. 91; Hehl v. Railroad, 119 Mo. 342.

ELLISON, J.—Plaintiff's action is based on a charge of assault and battery, inflicted by one of defendant's conductors, while he was a passenger in one of defendant's cars. The verdict in the trial court was for plaintiff and both compensatory and punitive damages were assessed.

At the close of the evidence the court gave a peremptory instruction directing a verdict for plaintiff for compensatory damages in some amount; and that is the alleged error upon which the appeal is based.

It is conceded that plaintiff was a passenger and that in the course of a dispute between him and the conductor over a ticket, the entire detail of which we need not state, the constructor struck him with his fist. But the conductor claimed that he struck him in self-defense and there was evidence to sustain that claim sufficient to make the peremptory instruction manifest error. In passing on that question we may properly leave plaintiff's testimony out of consideration and look alone to what the evidence in defendant's behalf tended to prove. A peremptory instruction in plaintiff's favor, in cases of this nature, is much less frequent than one in favor of a defendant and we have fewer cases of that kind for precedent. But when such instruction is given against a plaintiff, the appellate tribunal judges of its correctness by the standard of the evidence in his behalf; so, if such instruction is against a defendant, the court must judge of its propriety by the standard set in the evidence in his behalf.

We find in the account of the difficulty as given in evidence by the conductor, that plaintiff had acted in a grossly improper manner when the conductor attempted to give him a "passenger check" after punching his ticket. He said "I don't want that damned thing," and refused to take it. It dropped on the floor and every time the conductor passed, plaintiff insolently directed him to pick it up, when finally he did so, laying it on the seat, when plaintiff crumpled it up and threw it on the floor, at the same time using profane language. The conductor remonstrated and repeated to him that he had offered the check in compliance with the rules, whereupon plaintiff, who was still sitting in the seat, called him a damned lia, and "started to get up, like he was going to strike me," when the conductor "hit him" with his fist.

The rule in this state does not require that an assault and battery be actually made before proper re-

sistance, but allows one to act on reasonable appearances, under the conditions, situation and circumstances of the parties. Within this rule, certainly it cannot be said, as a matter of law, that plaintiff's conduct in speech and action did not indicate an immediate assault and battery upon the conductor. [Norris v. Whyte, 158 Mo. 20; Callahan v. Billat, 68 Mo. App. 435; Keep v. Quallman, 68 Wis. 451.] In the latter case the defendant met the plaintiff on the street and asked him why he had been slandering him; whereupon the plaintiff put his hand in his pocket and was taking it out when the defendant struck him on the head with a cane. The trial court, as in this case, directed a verdict for plaintiff; but the court said: "We think the testimony sufficient to send to the jury the question whether the acts of plaintiff were sufficient to give the defendant reason to believe that he was in imminent danger of being attacked by the plaintiff when he knocked the latter down. That is to say, we think the testimony tends to prove a state of facts from which the jury might properly find the defendant was legally justified in striking the blows, to prevent the plaintiff from attacking him. Hence the instruction that the defendant was absolutely liable in the action was erroneous."

The judgment is reversed and the cause remanded. All concur.