## J. J. DAVENPORT, Appellant, v. JAMES M. SILVEY.

### Division One, June 30, 1915.

1. **BILL OF EXCEPTIONS: Specific Objection: Preservation: Shortened Form.** A recital in the bill of exceptions that "the court permitted the defendant, over the objection of the plaintiff, and his exception thereto, to present evidence to the jury tending to prove that the character and reputation of the plaintiff for turbulence and violence were bad, when no evidence had previously been offered upon the part of the plaintiff to prove that they were good," shows a specific objection to the introduction of the evidence, and that specific objection was that the evidence was incompetent for the reason plaintiff had not previously offered evidence to prove his reputation was good. In actions at law a shortened bill of exceptions covering the precise question intended for review, is not only allowable, but to be commended.

2. **EVIDENCE: Erroneous: Cured by Testimony in Rebuttal.** If the evidence offered by defendant was incompetent, the error in admitting it is not cured by the fact that plaintiff afterwards rebutted it by the testimony of his own witnesses.

3. ————: **Assault and Battery: Self-Defense.** In an action for damages for assault and battery, self-defense is a recognized defense; and a plea of self-defense necessarily implies an impending assault by the opposite party.

4. ————: ————: ————: **Reputation.** A defendant, who has pleaded self-defense to plaintiff's action for damages for assault and battery, is entitled to introduce evidence to show plaintiff's reputation for turbulence and violence was bad, whether or not evidence has previously been introduced by plaintiff to show

it was good. The character of either party can be inquired into in a civil suit where it is put in issue by the nature of the proceeding itself; and where self-defense is interposed as a defense to a civil action for assault and battery, and issue is taken thereto by reply, the turbulent character of plaintiff is made an issue by the very nature of the case, and the defendant is entitled to introduce evidence tending to show plaintiff's reputation for turbulence was bad, although plaintiff has introduced none to show it was good.

5. APPEAL: Instruction. Alleged error in giving an instruction cannot be considered on appeal, unless the giving of it was assigned as error in the motion for a new trial.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

AFFIRMED.

*Frank P. Walsh* and *R. A. Mooneyham* for appellant.

It is the well-settled law of this State, that in actions for damages, growing out of assault and battery, and in civil actions generally, any evidence touching the character of either party to the suit, is clearly inadmissible, and cannot be inquired into, unless it is put in issue by the nature of the proceeding itself or has been first supported by the adversary. Boggs v. Lynch, 22 Mo. 563; Gutzmiller v. Lackman, 23 Mo. 168; Rogers & Gillis v. Troot's Admr., 51 Mo. 474; Dudley v. McClure, 65 Mo. 241; Vawter v. Hultz, 112 Mo. 634; Stark v. Knapp & Co., 160 Mo. 549; Black v. Epstein, 221 Mo. 304; Lumber Co. v. Hartman, 45 Mo. App. 647; Alkire Gro. Co. v. Tagart, 78 Mo. App. 166; Lyon v. Dose, 81 Mo. App. 72; Gordon v. Miller, 111 Mo. App. 342; Stewart v. Watson, 133 Mo. App. 45; Hatch v. Bayless, 164 Mo. App. 218; Shoffner v. Fink, Admr., 163 Mo. App. 113; State v. Green, 229 Mo. 642.

*O. L. Cravens* for respondent.

(1) In order to show that the evidence was erroneously admitted and to convict the trial court of

error under the issues it devolved on plaintiff to show by his bill of exceptions that he made timely and a proper form of objection thereto, stating the very ground of his objection. A general objection of inadmissibility does not suffice. His objections should have been specific. James v. Kansas City, 85 Mo. App. 20; Fuller v. Robinson, 230 Mo. 22; Stevens v. Insurance Co., 153 Mo. App. 196: Goyle v. Car Co., 177 Mo. 427; Stark v. Knapp, 160 Mo. 529; Russell v. Glasser, 93 Mo. 353; Western v. Flanagan, 120 Mo. 61. And timely: Wills v. Railroad, 133 Mo. App. 625; Wall v. Casualty Co., 111 Mo. App. 504; Hill v. Bailey, 8 Mo. App. 85; Fullerton v. Fordyce, 144 Mo. 519; Casualty Co. v. Kacer, 169 Mo. 301. (2) The rule in regard to the admissibility of evidence, as to the general reputation of plaintiff for peace and quietude, is not well stated by plaintiff. Although it is the general rule that such testimony is not admissible, yet it can be inquired into if the nature of the proceeding under the issues makes plaintiff's general reputation for peace and quietude material, and involved in the suit by the defense made. The evidence of plaintiff's previous general reputation being bad for peace and quietude is admissible as an exception to the general rule. And this would be true, whether plaintiff himself put his own character in issue; the circumstances and the defense make it material. State v. Roach, 64 Mo. App. 413; State v. Hicks, 27 Mo. 588; State v. Keene, 50 Mo. 357; State v. Bryant, 55 Mo. 75; State v. Elkins, 63 Mo. 159; State v. Downs, 91 Mo. 19; State v. Feeley, 194 Mo. 300; State v. Zorn, 202 Mo. 29; In re Imboden's Estate, 128 Mo. App. 573. (3) Where justification for the punishment inflicted by defendant upon plaintiff, by way of self-defense, is pleaded, it is competent to show the reputation of the opposite party to be quarrelsome or otherwise. Golder v. Lund, 50 Neb. 867; Beckman v. Souther, 68 N. H. 381; Silliman v. Samp-

son, 59 N. Y. S. 923; Knight v. Smythe, 57 Vt. 529; Harrison v. Harrison, 43 Vt. 417; Keep v. Quallmann, 68 Wis. 451; Spain v. Rakestraw, 79 Kan. 758; Mc-Quiggan v. Ladd, 79 Vt. 90; Lowe v. Ring, 123 Wis. 107; State v. Green, 229 Mo. 642.

GRAVES, J.—Action for damages for alleged injuries received from an assault and battery. Judgment went for defendant in the lower court, and plaintiff has appealed. The amount sued for gives this court jurisdiction. The trial court struck out much of plaintiff's petition, and we think rightfully so. Counsel for plaintiff no doubt reached the same conclusion, as the point seems to have been abandoned. The petition left, after having been pruned by the court, reads:

"Comes now the plaintiff and for his first amended petition, in his cause of action vs. the defendant, James M. Silvey, says on January 6, 1909, he called at the home of the defendant and was by him admitted into his house, and while sitting in a chair in the home of defendant, near Racine, in Newton county, Mo., talking with the defendant, the defendant without any provocation wilfully, maliciously and wrongfully assaulted plaintiff with an iron bar, and struck and beat plaintiff on his hand, arm and head and seriously injured plaintiff, in this, to-wit; that his head, arms, limbs, neck, back, breast and spine were wounded, bruised, injured and contused, and that he was made sick, sore and lame thereby; that as result thereof, he has become afflicted with incurable pains in his head, suffers from dizziness and vertigo, has lost his natural rest and sleep; his hearing has become impaired and he has been rendered partially deaf, and he sustained a severe and lasting shock to his entire nervous system; that all of said injuries are permanent and lasting in their nature, all to his damage in the sum of $5000 actual damages and $5000 punitive damages, wherefore plaintiff prays judgment vs. defendant for the sum of

$5000 actual damages and $5000 punitive damages, and for his costs.''

To this petition the defendant thus answered:

"Defendant, for amended answer to plaintiff's amended petition, denies each and every allegation therein contained. For further answer, defendant states that on or about the — day of —— plaintiff entered defendant's dwelling house, against his will and without his consent, and refused to leave upon being ordered so to do by defendant. The plaintiff there with threat of violence, made an assault upon defendant in his home, whereupon defendant struck plaintiff to repel such assault; that defendant in so doing used no more force than appeared to be reasonably necessary to protect himself from the infliction of great bodily harm at the hands of plaintiff, and that which was apparently impending and about to fall, and that such stricking was so done, in the necessary defense of himself and the protection of his home, therefore defendant asks to be discharged, and for his acts in this behalf incurred."

Reply was a general denial.

We have an exceedingly abbreviated bill of exceptions in this case. The evidence in the case is disposed of in the bill of exceptions in this fashion:

"The plaintiff to sustain the issues on his part introduced evidence tending to support the allegations of the petition.

"The defendant to sustain the issues on his part introduced evidence tending to support the allegations in his amended answer.

"The court permitted the defendant, over the objection of the plaintiff, and his exceptions thereto, to present evidence to the jury tending to prove that the character and reputation of the plaintiff, for turbulence and violence were bad, when no evidence had previou 'y been offered upon the part of the plaintiff to prove that they were good.

"In rebutal, plaintiff offered testimony to establish his good reputation in that respect. This was all the evidence offered tending to prove upon the part of either party, the character and reputation of plaintiff for turbulence and violence."

The bill of exceptions then sets out instructions 1, 2, 3, 4, 5, 6, 7 and 8 as having been given for the defendant over plaintiff's objections and exceptions. It then sets out instructions 1, 2, 3 and 4 as having been given by the court of its own motion, but over the objection and exceptions of plaintiff. The bill of exceptions then sets out the usual instruction upon the form of verdict, to which no objection was made or exception saved.

The bill of exceptions then contains this further recital:

"The foregoing are all the instructions given by the court of its own motion or at the instance of either party, and upon the same the case was argued and submitted to the jury, which on the 12th day of March, 1912, returned a verdict in behalf of the defendant, reading as follows: 'We the jury find the issues in favor of the defendant.'"

The motion for new trial as preserved in the bill of exceptions, recites the following reasons for a new trial:

"1. The verdict is against the law.

"2. The verdict is against the evidence and the weight of the evidence.

"3. The verdict is against the law and the evidence.

"4. The court erred in admitting improper and incompetent and irrelevant testimony offered on the part of the defendant over the objection of the plaintiff, made at the time.

"5. The court erred in refusing proper, legal and competent evidence offered on the part of the plaintiff, on the objection of the defendant.

"6. 'The court erred in refusing instructions A, B, C, D, E, F, G, H, I, J, K, L and M as offered and requested by plaintiff. ·

"7. The court erred in giving instructions marked 5, 6, 7, 8, 9, 10, 11, and 13 as requested by defendant.

"8. The court erred in giving instructions marked 1, 2, 3 and 4 of its own motion.

"9. The court erred in permitting counsel J. W. Halliburton in his closing argument to the jury to go outside of the record and the law and evidence of the case and discuss matters wholly irrelevant to the case.

"10. The verdict is not based upon or supported by the evidence nor by the law as given to the jury in the instructions of the court, but is the result of bias and prejudice on the part of the jury.

"11. For other good and sufficient reasons and errors occurring on the trial which are apparent from the face of the record."

We have gone into the bill of exceptions fully because of questions raised. In fact we have practically given all of the bill of exceptions, except the instructions mentioned and set out therein. These we reserve for the opinion upon the points urged. This sufficiently states the case.

I. Proper results in this case can be best reached by a process of elimination, if such should be done. We should first find what are (if any) the real issues before this court upon appeal. To this end we have been elaborate in our statement as to the record before us. The first contention of the plaintiff in his brief upon appeal is double-barreled, in a measure. As able counsel say:

**Bill of Exceptions: Specific Exception.**

"The first point we ask your Honorable Court to consider is that upon the trial of the cause, defendant was permitted to introduce, over the objections and exceptions of plaintiff, evidence to prove the character

and reputation of plaintiff, for turbulence and violence was bad, when plaintiff had not previously offered any evidence to prove that it was good, *and in granting defendant's instruction, prayed for by him, number 2 on pages 6 and 15 of Abstract of the Record, under the heading of Instructions and Bill of Exceptions.*"

To dispose of this contention it is more logical to take the composite assignment in its several parts. To separate the parts we have italicised a portion of the assignment quoted above. The first portion charges error in the admission of evidence, and the second portion (that italicised) error in the giving of an instruction. Under the record the first portion of this assignment of error is one of easy disposition.

This portion charges that the court erred in permitting the defendant "to prove the character and reputation of plaintiff, for turbulence and violence was bad, when plaintiff had not previously offered any evidence to prove that it was good." The abbreviated bill of exceptions shows that evidence of this character was offered and received. The only thing we find in the bill of exceptions, as to the character of the objecttions, is the paragraph:

"The court permitted the defendant, over the objection of the plaintiff, and his exceptions thereto, to present evidence to the jury tending to prove that the character and reputation of the plaintiff, for turbulence and violence were bad, when no evidence had previously been offered upon the part of the plaintiff to prove that they were good."

It is contended by the respondent that this bill of exceptions does not show any specific objection to have been made to this evidence. Is this contention sustained by the record? We think not. Counsel have attempted to file a bill of exceptions to cover the precise questions intended for review here.

In actions at law this is not only allowable, but is to be commended. It shortens an otherwise volumin-

ous record. But to the point urged. They argue that this bill of exceptions shows no specific objections to the introduction of this evidence. It should be conceded that a general objection would not suffice. To my mind the bill of exceptions, when fairly construed, shows that a specific objection was made to the introduction of this evidence. It is not couched in direct terms, but the bill does say that the evidence was admitted over the objections of the plaintiff, and it does say in the conclusion, that it was so admitted, at a time ''when no evidence had previously been offered upon the part of the plaintiff to prove that they were good.'' Taking the whole paragraph of the bill of exceptions, we are inclined to the view that it means that such evidence was objected to for the reason that the plaintiff had not previously offered evidence to the effect that his reputation in that regard was good. If such is the meaning of the bill of exceptions upon this point, then the objection to the evidence was specific and not general. We think this construction should be given to the bill of exceptions, and for that reason the contention of defendant is not good.

II. If the competency of this evidence is here for review, and we have held that it was in the preceding paragraph, then we are brought face to face with the single question, ''Was this evidence proper at the time **Reputation:** and under the circumstances?'' That **Competency.** plaintiff afterward rebutted it is not a sufficient answer. By improper rulings of a court a party to a suit is often forced to meet issues, which he would not have to meet, had the court ruled right in the first instance. Because he so has to do should not preclude a review of a point properly made as to the erroneous action of the court. We shall therefore consider the competency of this evidence. We must not overlook the pleadings in the consideration of this question. In the answer we have the plea of self-de-

fense. In an action for assault and battery, this is a recognized defense. [2 Am. & Eng. Ency. Law (2 Ed.), p. 977, and cases cited.]

The reply placed in issue this matter of self-defense. The very plea of self-defense contemplates an impending assault by the opposite party. The answer in this case pleads that plaintiff assaulted him, and that he used no more force than was necessary to repel such assault.

For the plaintiff we are cited to the case of Gutzwiller v. Lackman, 23 Mo. l. c. 172. In that case Scott, J., said: "We do not see on what principle the plaintiff was permitted to introduce evidence of his good character. The rule is stated in the books, that, as evidence is to be confined to the points in issue, the character of either party cannot be inquired into in a civil suit, unless it is put in issue by the nature of the proceeding itself." As stated in the statement, that case "was an action in the nature of an action of ejectment to recover possession of a lot in the city of St. Louis."

It should be noted that Judge Scott exempts those cases where the reputation of the party is put in issue by the nature of the proceeding. In actions for assault self-defense is a good defense to the action. Self-defense has a well defined meaning in the law. In such case the party has a right to act upon appearances. If he believes, and has good reason to believe, that he is in danger of suffering serious bodily injuries at the hands of the other party he has a right to act in self-defense, using such force only as is necessary to repel the threatened attack. In such cases (in criminal law) if the defendant has knowledge of the turbulent and dangerous character of the other party, such character then becomes a proper element in the question of self-defense. In fact, the previous knowledge of the turbulent disposition is not required in such cases. [State v. Feeley, 194 Mo. l. c. 320, overruling State v.

Kennade, 121 Mo. 405, on this question.] This ruling in the Feeley case, is, as I understand it, the rule of the court at this time.

But going back to civil cases, we think that where self-defense is interposed as a defense to an action for assault and battery and issue is taken thereon by reply, as here, then the turbulent character of the plaintiff is made an issue in the case, in the language of Judge SCOTT, supra, "by the nature of the proceeding." Such seems to be the general rule elsewhere. Thus in 2 Am. & Eng. Ency. Law (2 Ed.), page 1002, it is said:

"Evidence as to the reputation of the prosecutor, upon whom the assault was committed, is unadmissible, where a plea of self-defense is not set up. But where a proper case of self-defense is made out, evidence as to the quarrelsome and violent character of the prosecutor is admissible."

In the very recent and most excellent work, 2 Ruling Case Law, page 567, it is said:

"Where, however, a plea of self-defense is interposed, it is proper to allow the defendant to show the general reputation of the prosecuting witness as a violent and quarrelsome person. While it is necessary in order to render such evidence admissible to show that the defendant knew of the plaintiff's reputation, it is not necessary that the defendant had knowledge of all the details going to make up such reputation. And where the reputation of the prosecuting witness is thus attacked, evidence is of course admissible on behalf of the plaintiff for the purpose of contradiction."

In Lowe v. Ring, 123 Wis. 1. c. 113, a case of assault and battery, it is said:

"It is the general rule that evidence of a party's character is not admissible in civil actions for damages unless his character is directly in issue—as in slander, seduction, and other cases—'even though the cause is one for which a criminal prosecution may be brought, or where the offense set up in justification involves

a crime.' [Geary v. Stevenson, 169 Mass. 23, and cases cited; Fahey v. Crotty, 63 Mich. 383, 6 Am. St. 305; Cummins v. Crawford, 88 Ill. 312, 30 Am. Rep. 558;. Greenleaf, Evidence, sec. 14b, subd. 4.] This general rule does not go to the extent of excluding such evi-. dence for all purposes. As stated in Keep v. Quall-man, 68 Wis. 451, plaintiff's general reputation as a · man of quarrelsome and violent disposition, if within · the knowledge of a defendant before an affray, is · competent evidence to go to the jury upon the issue of self-defense. [Culley v. Walkeen, 80 Mich. 443; Gal-: braith v. Fleming, 60 Mich. 403.]''

The Vermont court, in Knight v. Smythe, 57 Vt. l. c. 531, says:

· "The second exception was to the refusal of the court to allow the defendant to show that the female · plaintiff was a domineering, turbulent and quarrelsome woman, and that when she had formed a purpose or determination, it was useless to oppose her or attempt to reason with her; and that this was known to the defendant prior to the affray. The testimony of the defendant previously given tended to show that she com- · menced the affray, and that he used no violence to: ward her except what was necessary for his defence. There can be no doubt that evidence of that charac- · ter is admissible. [Harrison v. Harrison, 43 Vt. 417; State v. Meader, 47 Vt. 78; State v. Lull, 48 Vt. 581.] · The force that a party may use when assailed, in re-pelling the assault and protecting his person, is largely influenced by his knowledge of the character of the as-. sailant.''

In Golder v. Lund, 50 Neb. l. c. 871, the court said: .: "A witness was asked the following question, re-ferring to the plaintiff: 'Were you acquainted with his disposition and character as to being peaceable or quarrelsome?' This was, on objection, excluded, and the defendant then offered to prove that the witness knew the disposition and character of the plaintiff,

and that he was quarrelsome, easily aroused, and had an ungovernable temper. This evidence was offered in support of the plea of self-defense. We can certainly see no reason why it is not proper, in support of such a defense, to make proof of the plaintiff's character in a civil action for assault and battery, as much as in a prosecution for homicide; but in such cases the proof must be of the plaintiff's general reputation, and not by the opinion of witnesses as to his general character.''

To like effect are Beckman v. Souther, 68 N. H. 381; Silliman v. Sampson, 59 N. Y. Supp. 923; Harrison v. Harrison, 43 Vt. 417; Keep v. Quallman, 68 Wis. 451; Spain v. Rakestraw, 79 Kan. 758; McQuiggan v. Ladd, 79 Vt. 90.

We doubt whether Vawter v. Hultz, 112 Mo. l. c. 639, and Stewart v. Watson, 133 Mo. App. 44, chiefly relied upon by plaintiff, are sufficiently similar in facts to be authority against the general doctrine which we here announce. We are at least satisfied that where self-defense is pleaded as a defense in a civil action for assault and battery, the nature of the case makes plaintiff's turbulent disposition (if he has such a disposition) an element in the case, and the defendant can show the same in connection with such defense, and this too without a previous showing of his character in this regard by the plaintiff. Plaintiff, of course, can rebut the showing, as was done in this case.

III. Instruction numbered 2 for the defendant, which is challenged by the plaintiff's able counsel here, reads:

"If the jury believe from the evidence that the plaintiff Davenport was of quarrelsome, turbulent character you may take such fact into consideration **Reputation:** for the purpose of throwing light upon **Instruction.** the conduct and demeanor of the plaintiff prior to and during the difficulty between him and the

defendant, and for the purpose of determining who was the aggressor in such difficulty and also for the purpose of throwing light upon defendant's apprehension of danger, if any, at the time of the difficulty.''

If we are correct in our ruling as to the admissibility of the evidence discussed in the previous paragraph, this instruction was proper. In fact its error is only predicated upon the error in admitting the evidence. But in addition to this it should be said that the question of this instruction is not here, under the record. The motion for new trial only urges that ''the court erred in giving instructions marked 5, 6, 7, 8, 9, 10, 11 and 13 as requested by defendant.'' The instruction number 2, quoted, above, is one given by the court at the ''instance of defendant,'' and is not one covered by the motion for new trial.

Upon the whole we find no substantial error in this record. In their very able and earnest brief counsel only urge the two matters, i. e. the alleged error in admitting this evidence of plaintiff's turbulent character and the alleged error in giving the foregoing instruction.

The judgment should be affirmed and it is so ordered. All concur; *Bond, J.,* in result.