[1] This action was brought by respondent as plaintiff against appellant as defendant to recover damages for injuries plaintiff alleged she sustained as a result of a collision between an automobile driven by her and a motor vehicle (tractor-trailer, also referred to as truck) operated by defendant's employee. A trial before the court and a jury resulted in a verdict and judgment in favor of plaintiff against defendant in the sum of $2000.00. After an unavailing motion for a new trial defendant appealed.
[2] Plaintiff's petition alleged that on or about April 20, 1948, she was operating a Studebaker automobile northwardly on Vandeventer Avenue in the city of St. Louis, Missouri, and that defendant was operating a truck westwardly on North Market Street; that as plaintiff was proceeding across the intersection of Vandeventer and North Market Street the automobile which she was operating was struck by defendant's truck and that plaintiff was injured as a result of the collision; that the collision and plaintiff's injuries were the direct and proximate result of defendant's negligence in that defendant negligently failed to exercise the highest degree of care to keep a careful lookout for pedestrians and other traffic in operating said truck at a negligent rate of speed, in failing to sound a warning, in failing to slacken the speed of the truck or to swerve it, in failing to stop the truck, in failing to reduce the speed of the truck or to swerve it, in failing to yield the right of way to plaintiff at said intersection, in failing to stop the truck before it entered into said intersection and in failing to keep the track under proper control. Describing her injuries plaintiff alleged in her petition that "Plaintiff sustained injuries to her neck, back, spine and nervous system and was otherwise injured and her earning capacity has been permanently impaired."
[3] The answer of defendant admitted that the vehicles were being operated on the streets and in the directions alleged in plaintiff's petition, and that the collision occurred as alleged and denied all other allegations of the petition. The answer affirmatively alleged that plaintiff's injuries and damage, if any, were the result of her own negligence in driving her automobile into and across the intersection without looking for or observing east and west traffic at said intersection, in driving her automobile at a high and dangerous rate of speed under the circumstances, in failing to keep her automobile under such control that it could be readily stopped upon the first appearance of danger; that plaintiff saw and knew or in the exercise of the highest degree of care could have seen and known of the approach of defendant's truck in time by stopping or swerving her automobile or reducing the speed thereof or by giving warning to have avoided the collision, but negligently failed to do so; that plaintiff violated the provisions of Ordinance 41469 of the City of St. Louis by failing to stop in obedience to a school stop sign before driving the automobile into the intersection.
[4] Inasmuch as the points made by defendant as appellant in this court do not involve the sufficiency of plaintiff's evidence to make a case for the jury, we deem it unnecessary to set forth in detail the evidence that was adduced by the respective parties. It is sufficient to say that plaintiff herself testified and presented the testimony of other witnesses including medical testimony to support the allegations of her petition and that defendant presented the testimony of the driver of its truck and the testimony of other witnesses including medical testimony to support the allegations of its answer.
[5] For its first point defendant contends that the trial court erred in permitting plaintiff's counsel in his opening statement, over defendant's objection, to state to the jury that plaintiff's blood pressure had increased by the accident and in refusing to *Page 801 
declare a mistrial on defendant's motion because of such statement and in permitting plaintiff to introduce evidence over defendant's objection of plaintiff's increased blood pressure and in refusing to declare a mistrial on defendant's motion because of the introduction of such evidence and also in permitting over defendant's objection to present evidence of an injury to her shoulder. Defendant points out that plaintiff's petition does not allege that she was caused to develop high blood pressure or that such an existing condition was aggravated by the accident. Defendant further contends that the evidence does not establish that a continuing elevation in blood pressure is an inevitable or necessary result of the injuries averred and that the evidence of such condition was, therefore, inadmissible. In support of these contentions defendant cites a number of cases which apply the principle of law that before a plaintiff can recover for a physical condition claimed to have resulted from the negligence of another, such condition must be pleaded or the evidence must establish the condition as being the inevitable or necessary result of injuries which are particularly set out in the petition. The reason underlying such decisions is that it would be unjust to permit a plaintiff to take advantage of a defendant at the trial by presenting evidence of injuries of which the defendant did not have the kind of notice required by law, namely, through allegations in plaintiff's petition.
[6] It is true the evidence in this case does show, as plaintiff contends, that defendant had actual notice before trial of plaintiff's increased blood pressure, which she claimed was a result of the collision, through a statement made by plaintiff to that effect to the Claim Agent of defendant's insurer and through an examination of plaintiff made by defendant's doctor, Dr. Leo A. Will, and reported by him to said Claim Agent as well as through plaintiff's deposition which was taken by defendant. However, we are of the opinion that although it cannot be said that defendant was "surprised" when plaintiff presented evidence at the trial relating to the condition of her blood pressure, defendant nevertheless had the right to object to such evidence on the ground that it related to "special damages" which were not pleaded in plaintiff's petition. Although defendant could not have claimed "surprise" upon the introduction of such evidence, it was not required to do so and its objections at the trial to such evidence in the absence of proper allegations thereon in plaintiff's petition should have been sustained. No such special damages were pleaded by plaintiff, nor did plaintiff ask leave to amend her petition to include such special damages which she could have done on such terms, at that stage of the proceedings, as the court should order. However, plaintiff did not amend her petition, nor ask leave to amend, and defendant had the right to object to the evidence in question.
[7] Plaintiff contends that the cases cited by defendant on this point are not controlling in this case, because of certain provisions of the new Civil Code adopted since said cases were decided. Plaintiff relies upon Sections 35, 36 and 57 of the new Civil Code. These are Sections 35, 36 and 57, Laws Mo. 1943, pages 369 and 373 respectively, Mo.R.S.A. Sections 847.35, 847.36 and 847.57. Section 35, supra, provides: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Section 36, supra, provides that a pleading shall contain: "(1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *" Section 57, supra, provides: "All pleadings shall be so construed as to do substantial justice."
[8] Each and all of the above sections of the new Civil Code, while showing a clear intention of the Legislature to simplify pleadings generally cannot be given the effect contended for by plaintiff because there is another section of the same new Civil Code which expressly provides: "When items of special damage are claimed, they shall be specifically stated." See new Civil Code, Laws Mo. 1943, Section 52, page 372, Mo.R.S.A. § 847.52. *Page 802 
[9] It has been held by our Supreme Court that a specific personal injury which is not the necessary or inevitable result of an injury alleged in the petition constitutes an element of "special damage" which must be specifically pleaded before evidence thereof is admissible. See State ex rel. Grisham v. Allen, 344 Mo. 66, 124 S.W.2d 1080; Knaup v. Western Coal 
Mining Co., 342 Mo. 210, 114 S.W.2d 969. See also Simon v. S. S. Kresge Co., Mo.App., 103 S.W.2d 523; Proctor v. Ruppert, 236 Mo. App 684, 159 S.W.2d 328. The fact that the above and other cases cited by defendant were decided before the new Civil Code went into effect does not affect the applicable principle for that same principle is embodied in Section 52, supra, of said new Civil Code which we have set forth above.
[10] In the case at bar the only allegations in plaintiff's petition with respect to the injuries she suffered as the result of the collision were as follows: "Plaintiff sustained injuries to her neck, back, spine and nervous system and was otherwise injured and her earning capacity has been permanently impaired." It will be observed that not only is there no mention of increased blood pressure but no injuries are alleged from which it can reasonably be said that an increase in blood pressure was an inevitable or necessary result. Nor was there any evidence to show that the increased blood pressure was the necessary or inevitable result of the injuries alleged in the petition.
[11] Plaintiff refers to form 10 of the Appendix of Illustrative Forms to the Federal Rules of Civil Procedure, 28 U.S.C.A., approved by the United States Supreme Court and argues that the allegation in her petition "and was otherwise injured" is in accord with said form 10 and that the trial court herein properly ruled that the allegations in her petition were sufficient to justify the admission of the evidence of plaintiff's increased blood pressure. Plaintiff's argument ignores Section 52, supra, of the new Civil Code which expressly requires "special damages" to be "specifically stated." We are not at liberty to ignore said section which we believe is conclusively determinative of the point under consideration.
[12] Plaintiff also presents in her brief a review of the causes which led to the adoption of the new Civil Code of Missouri and argues that said Code adopted in 1943 resulted from a careful study by the Missouri Bar of the Federal Rules of Civil Procedure adopted in 1937, 28 U.S.C.A. It is pointed out by plaintiff that Federal Rule 8 has been construed to require only general averments in pleading because all information not revealed in the complaint or petition may be obtained by discovery processes and that the new Civil Code of Missouri is patterned after the Federal Rules in this respect. Such review of the history of our new Civil Code and the Federal Rules is interesting, but any further discussion thereof would be fruitless in this case, in view of the clear, simple and unequivocal language of Section 52, supra, of the new Civil Code which shows that notwithstanding all the changes that were made in procedure in this state, it was nevertheless the deliberate and unmistakable intention of the new code makers to require "special damages" to be "specifically pleaded under the new code the same as they were required to be pleaded under the many decisions of the courts before the new code was adopted.
[13] The record shows that defendant objected at the very beginning of the trial to the mention by plaintiff's counsel of plaintiff's increased blood pressure on the ground that such injury had not been pleaded, and asked that the jury be discharged and did likewise when plaintiff sought to introduce evidence concerning her increased blood pressure. Defendant did everything possible to keep such evidence out of the case by objecting thereto at all proper times but the court overruled its objections and denied its motions for discharge of the jury.
[14] It is true, as plaintiff points out, that the new Civil Code requires that an appellate court shall not reverse any judgment "unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action." Section 140(b), Laws Mo. 1943, page 395, Mo.R.S.A. § 847.140(b). *Page 803 
This does not mean, however, that appellate courts are free to disregard another section of the same Civil Code which plainly and unequivocally requires special damages to be specifically pleaded as does Section 52, supra.
[15] Plaintiff further contends that defendant abandoned and waived its objections to the admission of plaintiff's evidence pertaining to her increased blood pressure by voluntarily introducing evidence on that subject in its own case in chief. We are unable to agree with plaintiff's contention on this point. It is, no doubt, true that where an appellant has by its own course of conduct participated in error by inviting such error, it waives the right to complain thereof on appeal, but it cannot be said in this case that defendant invited the error with respect to the admission of the evidence concerning plaintiff's increased blood pressure. On the contrary, defendant strenuously objected to such evidence and moved to discharge the jury. The doctrine of waiver has no application here. Waiver is the voluntary
relinquishment of a known right. Hayes v. Manning, 263 Mo. 1, 172 S.W. 897. (Emphasis ours.) There was no voluntary waiver by defendant of its objections to the evidence in question. It was only after the court overruled its repeated objections that defendant presented evidence to meet the situation that the court's rulings forced upon it. In State ex rel. State Highway Commission v. Blobeck Inv. Co., 233 Mo.App. 858, 110 S.W.2d 860, this court held that where a party is forced by an adverse ruling of the court to meet an issue which he should not be compelled to meet, the fact that he thereafter adduces countervailing evidence upon such issue does not preclude him from insisting on appeal that the original ruling of the trial court was wrong. See also Bailey v. Kansas City, 189 Mo. 503, 87 S.W. 1182, and Davenport v. Silvey, 265 Mo. 543, 178 S.W. 168, L.R.A. 1916A, 1240. We hold that defendant did not waive the right to complain of the errors mentioned.
[16] What we have said herein with respect to the evidence of plaintiff's increase of blood pressure applies with equal force to the evidence of the injury to plaintiff's shoulder. In the absence of any allegation in plaintiff's petition relating to that injury, it was error for the court to admit such evidence.
[17] Defendant's complaints against plaintiff's instruction No. 8, dealing with the condition of plaintiff's blood pressure and the injury to her shoulder need not be discussed in view of our holding with respect to the admission of the evidence of said injuries.
[18] Defendant also complains against plaintiff's instructions Nos. 1 and 2 on the ground that said instructions assumed disputed facts as to plaintiff's automobile entering and being in the intersection before defendant's tractor-trailer entered it. We believe these complaints are not well founded. Each of said instructions contained the opening words: "The Court instructs the jury that if you find and believe * *" which were clearly connected with the facts hypothesized therein, and also contained the further requirement: "And if you further find * * *" where further facts were hypothesized. We are unable to perceive how the jury could have been misled into thinking that the court assumed any material facts as proved or established, particularly in view of instruction No. 9 given by the court of its own motion, wherein the court expressly told the jury: "the Court does not mean to assume as true or established any of the matters mentioned or referred to in the instructions, but leaves you to determine from the evidence whether or not such matters have been established as facts by the evidence." To require instructions to contain unnecessary "if you so find", "if so", "if any" and similar expressions would render them absurd and lacking in simplicity and clarity.
[19] In concluding this opinion, we think it is proper for us to say that we are in full accord with the purpose and spirit of the new Civil Code wherein the objective is to liberalize procedure and to do away with unnecessary technical objections and retrials of causes. However, on the record before us, we are of the opinion that the admission, over defendant's objections, of the evidence in question constituted prejudicial error which we are not privileged to ignore. *Page 804 
The fact that defendant had some information concerning the increased blood pressure of plaintiff was not sufficient to put it on legal notice that plaintiff would claim damages therefor unless and until plaintiff "specifically" stated such injury in her petition because the increased blood pressure was not shown to be the necessary or inevitable result of the injuries that were pleaded. Defendant cannot be held liable for "special damages" when they are not pleaded in the petition as required by Section 52, supra.
[20] For the errors noted, the judgment of the trial court is reversed and the cause remanded.
[21] ANDERSON, P. J., and HUGHES, J., concur.
[22] On Motion for Rehearing or, in the Alternative, to Transfer to Supreme Court.