Rockingham,
  Dec., 1895.

BECKMAN v. SOUTHER.

Upon the question whether unnecessary force was used in arresting the plaintiff, evidence that the defendant knew him to be a violent and dangerous person is competent.

Whether evidence of the defendant's violence in making a previous arrest is admissible, is a question determinable at the trial term.

The defendant having testified that he was a constable, and having produced a writ with his return thereon, a request for an instruction that there was no evidence he was a constable was rightly refused.

TRESPASS, for assault and false imprisonment. Plea, the general issue with a brief statement that the defendant arrested and detained the plaintiff under legal process. Verdict for the defendant. The plaintiff's counsel in opening the case to the jury stated that he claimed and proposed to show that the defendant in making the arrest used unnecessary and excessive violence. Evidence of the plaintiff's character and reputation as a dangerous person to the knowledge of the defendant was admitted, and evidence tending to show that the defendant was a violent man and on a former occasion had used unnecessary force and violence in arresting another person was excluded, subject to the plaintiff's exception.

The defendant testified without objection that he was a constable, and put in evidence the writ upon which the arrest was made, with his return of the arrest thereon signed by him as constable. The court declined to instruct the jury that there was no evidence that the defendant was a constable, and the plaintiff excepted.

*J. Warren Towle*, for the plaintiff.

*Samuel H. Goodall* and *Ernest L. Guptill*, for the defendant.

CARPENTER, J.    Evidence tending to show that the plaintiff was known by the defendant to be a violent and dangerous person was competent. In arresting and detaining such a person, forcible measures might be proper and reasonable which in the case of a person of a different character would be unwarranted.

Whether the evidence offered of the defendant's character for violence and of his conduct in making a previous arrest had any legitimate bearing on the issue submitted to the jury, was a

question of remoteness determinable at the trial term. Its exclusion was not error. *Cook* v. *New Durham,* 64 N. H. 419; *Hilliard* v. *Beattie,* 59 N. H. 462, 465.

The instruction requested was properly refused. *Jewell* v. *Gilbert,* 64 N. H. 13.

*Exceptions overruled.*

PARSONS, J., did not sit: the others concurred.