# Alabama State Fair and Agricultural Association *v.* Alabama Gas Fixture & Plumbing Co.

*Action at Law to enforce Mechanic's Lien.*

1. *Mechanics' lien; leasehold estate; laws prohibiting removal of improvements does not prevent establishment of lien.*—It is no objection to the establishment and enforcement of a me-

chanics' lien upon buildings and improvements on leased premises under a contract with the lessee, and upon the unexpired term of the lease, that there was a provision in the lease which prohibited the removal of improvements from the premises unless the rent be paid.

2. *Same; same.*—In an action to enforce a mechanics' lien upon property, a plea which simply avers that "plaintiff has no lien upon the property described in the complaint," is subject to demurrer for its uncertainty, and as being purely the statement of a legal conclusion.

3. *Same; same.*—In an action to enforce a mechanics' lien, a plea is insufficient and subject to demurrer which avers simply that "the account filed to enforce by plaintiff a mechanics' lien does not purport to be a just and true account of the demand after all just credits should have been given;" since such plea should have set out the account referred to therein.

4. *Same; same.*—In such an action, a plea which avers "that the acre of land on which the plaintiff claims his lien, is not described in the complaint and in the account filed," is insufficient and subject to demurrer, in that it tenders an issue as to what the complaint contains rather than being an answer thereto.

5. *Mechanics' lien; sufficiency of statement filed in probate office.* A statement filed by a mechanic in the office of the judge of probate, for the purpose of establishing a lien for work done and materials furnished, which shows the unpaid balance due the plaintiff from the defendant, for certain work done and materials used in erecting improvements on lands which are described as being a certain park "in or near the western limits of the city of Birmingham, Jefferson county, Alabama," and which is verified by the affidavit of a person describing himself as being a member of the plaintiff corporation, conforms substantially to the requirements of the statute, and is admissible in evidence. A statement of the unpaid balance due the plaintiff is sufficient without declaring in terms that all just credits have been given.

6. *Same; immaterial that work was done under two contracts.* Where work is performed and material furnished in the erection of certain buildings on the same premises under two separate contracts, and the rights growing out of said contracts are identical in character and as to parties, a lien for the amount due under said contracts may be enforced in one action.

17

APPEAL from the City Court of Birmingham.

Heard before the Hon. CHAS. A. SENN.

This was an action brought by the appellee against
the appellant. The first four counts of the complaint
were the common counts, while in the fifth count of the
complaint the plaintiff claimed of the defendant the sum
of $486.91, "due it on a contract for work and labor done
and for materials and fixtures furnished and for im-
provements made by plaintiff as original contractor on
grounds, houses, tenements and buildings located on
that certain parcel or lot of land known as Smith's Park
in the city of Birmingham, Jefferson county, Alabama,"
and that at the time of erecting said buildings and im-
provements and furnishing the materials and fixtures,
the defendant was the lessee in possession of said par-
cel of land, and that the materials furnished and the
buildings and improvements erected were not in vio-
lation of the terms or conditions of the lease between
the defendant and the owners of said Smith's Park; that
a statement in writing, duly verified by affidavit, con-
taining a just and true account of the demand sued on
had been filed in the office of the judge of probate, and
that the plaintiff claimed "a lien on said buildings and
improvements and also on the unexpired term of the
leasehold by the defendant on said parcel or lot of land
for the said sum" sued for. The defendant pleaded
eight pleas. The first three pleas were the general issue.
The other pleas were as follows "(4.) Now comes the
defendant, and for answer to the plaintiff's complaint,
says that the plaintiff was employed by defendant to
do certain work about the fair grounds, which he un-
dertook, and in the performance thereof he did said work
in such an unskillful manner as to be entirely useless,
and that the plaintiff's suit is for the recovery for such
work ,and that said work was and is valueless and that
defendant has paid the plaintiff more than the value of
the material furnished and labor performed." "(5.)
The defendant for fureher answer to the fifth count of
the complaint which seeks to establish a lien on the
buildings and improvements on defendant's premises,

says that defendant holds said lands by virtue of a lease thereof for a term of seven years beginning the 1st day of September, 1899, and that by the terms of the lease the improvements are not to be removed from the premises unless the rent of the entire term is paid in advance." "(6.) For further answer to the fifth count of the complaint defendant says plaintiff has no lien on the property described in the complaint." "(7.) For further answer to the fifth count of complaint which seeks to enforce a lien on the leasehold the defendant says that the acre of land on which the plaintiff claims his lien is not described in the complaint and the account filed." "(8.) For further answer to the fifth count of the complaint defendant says the account filed to enforce by plaintiff a mechanic's lien does not purport to be a just and true account of the demand after all just credits have been given."

To the fourth plea the plaintiff demurred upon the ground that it was vague and indefinite and that it did not set forth the facts upon which the defendant's claim as therein set out arose; and it failed to state any facts upon which the issue could be joined.

To the fifth plea the plaintiff demurred upon the grounds that it did not present a sufficient answer to the fifth count of the complaint, and did not aver that said improvements were erected in violation of the terms of the lease.

To the sixth, seventh and eighth pleas the plaintiff demurred upon the following grounds 1. Said pleas did not state any facts upon which plaintiff can join issue. 2. Said pleas state but the conclusions of the pleader. 3. Said pleas did not constitute a sufficient answer to the fifth count of the complaint. 4. Said pleas question the sufficiency of the complaint in a matter of law. These demurrers were sustained. The trial was had upon issue joined upon the pleas of the general issue.

On the trial of the case Chas. H. Colvin was introduced as a witness and testified that he was the president and treasurer of the Alabama Gas Fixture and Plumbing Company and was the president and treasurer

of said corporation during the months of October, November and December at the time the work done under the contract involved in this case was performed. He testified that all of the work and labor performed and the materials and fixtures furnished were under contracts made by the plaintiff with the defendant; that the plaintiff at first contracted by a written contract, and afterwards made an oral contract for additional work, but that all of the work under both contracts was performed upon the buildings and improvements sought to be subjected to the lien, which were situated upon the lot in question.

The statement which was filed by the plaintiff in the office of the judge of probate was introduced in evidence. It was made by "C. H. Colvin of he Alabama Gas Fixture and Plumbing Company," and was signed by him before a notary public. The contents of this statement are sufficiently shown in the opinion. The defendant objected to the introduction of this statement in evidence upon the following grounds: 1. It does not purport to have been sworn to by the plaintiff or its agent. 2. It does not purport to be a just and true account of the demands secured by the lien after all just credits should have been given. 3. Said statement fails to state that the land upon which the lien is claimed is in a city, town or village. The court overruled the obection, allowed the statement to be introduced in evidence, and to this ruling the defendant excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the.jury the general affirmative charge in its behalf, and to this ruling the defendant duly excepted.

There were verdict and judgment for the plaintiff, and the lien was declared in ifs oavsuhldt.rmbmb m tao and the lien was declared in its favor. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & SMITH and MORRIS LOVEMAN, for appellants, cited *Landers v. Dexter,* 106 Mass. 531; 15 Am. & Eng.

Ency. Law 120; *Leftwitch v. Florence*, 104 Ala. 584;
*Water Co. v. Addyston P. & S. Co.*, 89 Ala. 552; Boysot
on Mechanic's Liens, 814; *Griffin v. Chalburn*, 19 N. W.
Rep. 647; *Garland v. Hickey*, 43 N. W. Rep. 832;
*Chandler v. Hanna*, 73 Ala. 394; *Long v. Coal Co.*, 117
Ala. 587; *Schroeder v. Muller*, 33 Mo. App. 28; *Globe,
etc., Co. v. Thatcher*, 87 Ala. 458; *Cahill v. Arplin
School*, 1 Mo. App. 488.

BROWN & MURPHY, *contra*, cited *Lawton v. Ricketts*,
104 Ala. 430; *Powell v. Crawford*, 110 Ala. 294; *Greene
v. Robinson*, 110 Ala. 505; *Christian & Craft Grocery Co.
v. Kling*, 121 Ala. 292; *Garrison v. Lumber Co.*, 111
Ala. 308; *Leftwith L. Co. v. Florence, etc. Asso.*, 104 Ala.
584; *Cook v. Rome Brick Co.*, 98 Ala. 409; *Globe, etc.,
Co. v. Thatcher*, 87 Ala. 458; *Hughes v. Torgerson*, 96
Ala. 346.

SHARPE, J.—For work and material employed in
making buildings and improvements on leased land un-
der a contract with the lessee, a lien may under the
statute be made to "attach to the building or improve-
ment and to the unexpired term of the lease" when "the
erection thereof is not in violation of the terms or con-
ditions of the lease."—Code, § 2725. A provision in a
lease which like that averred in plea 5 merely prohibits
the removal of improvements from the premises unless
the rent be paid, is not violated by the erection of the
improvements and does not in itself, prevent the es-
tablishment or enforcement of the statutory lien there-
for.

In failing to aver the character of the work contracted
for and wherein it was not performed, plea 4 is lacking
in that certainty which in a special plea is required in
order that the court may see that facts relied on consti-
tute a defense, and that the plaintiff may know what
he is called on to meet by proof if the plea is traversed,
or to confess and avoid by counter pleading.—*N. C.
& St. L. R. Co. v. Parker & Co.*, 123 Ala. 683. Plea 6
also lacks certainty, being the staement purely of a

legal conclusion without a single fact. Plea 8 is bad for
a like reason. It should have set out the account it
refers to, that the court might judge of its purport from
what appears thereon. The seventh plea tenders an
issue as to what the complaint contains rather than an-
swer thereto, and so assumes the office of a demurrer.
The court's action in sustaining demurrers to each of
these pleas was without error.

The evidence without conflict proves that the debt
claimed is due plaintiff as an original contractor for
work and material employed in improving the land de-
scribed in the complaint. It shows that within six
months of the debts' accrual and for the purpose of
establishing a lien under the statute, a statement was
filed in the probate court purporting to show the un-
paid balance due plaintiff from defendant for such work
and material used in building, etc., on land on which
defendant had a lease described as "Smith's Park in or
near the western limits of the city of Birmingham,
Jefferson County, Alabama." It is verified by an affida-
vit which affirms the truth and correctness of the state-
ment in positive terms. In our opinion this statement
conforms substantially to the statute, which in respect
of the statement to be filed in proceedings to establish
the lien, directs that it shall be "verified by the oath
of the person claiming the lien or of some other person
having knowledge of the facts, containing a just and
true account of the demand secured by the lien after all
just credits have been given, a description of the prop-
erty on which the lien is claimed, and the name of the
owner or proprietor thereof."—Code, § 2727; *Green v.
Robinson*, 110 Ala. 503; *Globe Iron, etc., Co. v. Thacher*,
87 Ala. 458. It is the sum of the demand rather than
the items composing it that is required to be stated.
*Leftwich Lumber Co. v. Florence Association*, 104 Ala.
584. And that the public may be definitely informed as
to the extent of the incumbrance the further requirement
is that the balance owing rather than the original claim
shall be the demand exhibited. It is neither directed nor
intended that the statement shall declare in terms that

"all just credits have been given," but that fact is by the law itself injected into a demand which like the one in question is merely of a balance due.

When in a city, the land which may be subjected to the lien is not by the statute limited in area.—Code, § 2730. The tract here involved is by the amended complaint described as lying wholly within the city. If as some evidence tends to show a part of "Smith's Park" lies out of the city, that fact is immaterial since none of the improvements claimed for are on that part, and that part is not included in the judgment of condemnation. Nor is the lien prejudiced either in whole or in part by the fact that the demand includes work and material furnished under two separate agreements since the same property was improved under both agreements and the rights growing out of same are identical in character and as to parties.

The judgment will be affirmed.