(76 South. 287)

FARMERS' & MERCHANTS' BANK v. HOLLIND. (6 Div. 631.)

(Supreme Court of Alabama. June 21, 1917.)

1. MORTGAGES ⬤═312(3)—REQUEST TO MARK RECORD SATISFIED—STATUTE.

If a request to mark satisfied the record of a mortgage had been mailed to a bank, and it had received the request in due course, there was a compliance with Code 1907, § 4898, by the party making the request, and if the request was delivered by hand by the party's wife to the bank's authorized agent, the statute was complied with, whether the agent subsequently opened the envelope and read the request or not; it was not incumbent on the wife, when delivering the envelope to the agent, to inform him that it contained written request for satisfaction of mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 934.]

2. APPEAL AND ERROR ⬤═1033(6)—HARMLESS ERROR—INSTRUCTION.

Where plaintiff's requested instruction, hypothesizing a fact favorable to him, stated "that if you believe from the evidence," instead of "if you are reasonably satisfied from the evidence," any error was harmless to defendant, since, if there is a difference in the quoted terms, the one used requires a greater degree of belief or conviction than the words "reasonably satisfied."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4057.]

Appeal from Circuit Court, Blount County; W. W. Haralson, Judge.

Action by ,Jess E. Hollind against the Farmers' & Merchants' Bank for the statutory penalty for failure to mark satisfied the record of a mortgage. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The facts sufficiently appear. The following is charge A given at the request of plaintiff:

The court charges the jury that if you believe from the evidence that Mrs. Jess E. Hollind gave the original notice of the copy which is in evidence to D. K. Searcy, on January 6, 1915, you should find for plaintiff.

Goodhue & Brindley, of Gadsden, for appellant. Russell & Johnson, of Oneonta, for appellee.

ANDERSON, C. J. The only error insisted upon in the argument of appellant's counsel · was the giving of charge A at the request of the plaintiff. Appellant does not controvert the existence of all elements that would entitle plaintiff to recover, if such a request was made upon the defendant to satisfy the mortgage as is required by the statute. Section 4898 of the Code of 1907. Nor is the sufficiency of the request questioned, if properly made and served upon the defendant. The contention being that the mere delivery to the defendant's cashier, Searcy, of the envelope containing the written request, was not sufficient, unless the proof shows that he was at the time notified of the contents, or unless he subsequently read the request, and that, as it was open for the jury to find that Searcy did not know of the request, said charge A invaded the province of the jury.

[1] We think that if the request had been mailed, and the defendant received same in due course, this would be a compliance ,with the statute by the plaintiff as to making the request, and that if it was delivered by hand to the defendant's authorized agent the statute was met, whether the agent subsequently opened the envelope and read it or not, and that it was not incumbent upon the plaintiff's wife, when delivering the envelope to Searcy, to inform him that it contained a written request for the satisfaction of the mortgage. If the plaintiff's wife delivered the notice or request to Searcy, as hypothesized in said charge A, this fully met the requirement of the statute as to the written request, and the giving of said charge was not error. The case of Dothan Co. v. Ward, 132 Ala. 380, 31 South. 748, involves a different state of facts, which justified the defendant's charges in said case, and which do not tend to render charge A bad in the present case.

[2] It is also suggested that the charge is faulty, in that it says "that if you believe from the evidence," instead of "if you are reasonably satisfied from the evidence." It is sufficient to say that, if there is a difference in these terms, the ones used required a greater degree of belief or conviction upon the part of the jury than the words "reasonably satisfied" ,would have done, and, this being true, the defendant cannot complain that the plaintiff exacted too high a degree of conviction or satisfaction upon the part of the jury as to the existence of a fact favorable to him than the law required.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.