(92 South. 264)

**TYLER et al. v. BIRMINGHAM REALTY CO. (6 Div. 532.)**

(Supreme Court of Alabama. Feb. 2, 1922.)

**1. Mechanics' liens ⬥73(5)—Lien may be had for amount furnished in excess of that for which credit was to be given.**

A materialman, though agreeing to give credit for a certain amount and allow it to be paid in installments, may have a lien for the amount furnished in excess thereof.

**2. Mechanics' liens ⬥16—Extend to any interest subject to mortgage.**

A mechanic's or materialman's lien extends to any interest in land which is legally subject to mortgage.

**3. Mechanics' liens ⬥279—No inference from agreement to furnish a certain amount on credit that excess was furnished on credit.**

Merely because one agrees to give credit for a certain amount of material for building, no inference can be drawn that the amount furnished in excess thereof was furnished on an understanding that it should also be on credit, barring right to lien therefor.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Birmingham Realty Company against Ida H. Tyler and others to enforce a mechanic's or materialman's lien. From a decree overruling demurrers to bill, respondent Tyler appeals. Affirmed.

The bill sets out the agreement for the sale of a certain lot of land by complainant to the respondents and for the erection thereon of a residence, the complainant to furnish a certain amount of money, to wit, $4,750, to be repaid in 24 monthly payments, and that in the erection of the house under the plans and specifications furnished by respondent and under the instruction of respondent complainant expended the sum of $9,073.86 and had applied the said sum of $4,750 above mentioned on said indefiniteness, leaving a balance due of $4,323.86, and that the said respondent had refused and failed to pay the same, although the demand has often been made upon her for said sum. The demurrer raised the question decided by the court.

Morris Loveman, of Birmingham, for appellant.

The complainant was not entitled to lien on the property for any unpaid balance, or for a sum other than the amount contracted for, and this was secured by mortgage on the property. 36 Mo. 613; 45 Mo. 573; 25 Cyc. 773, 774; 78 Me. 227, 3 Atl. 650; 79 Ala. 156; 124 Ala. 633, 26 South. 959.

London, Yancey & Brower, of Birmingham, for appellee.

The court properly overruled the demurrers to the bill. 14 Ala. 33, 48 Am. Dec. 84; 131 Ala. 256, 31 South. 26; 27 Cyc. 29, 228.

THOMAS, J. The bill was to enforce a materialman's lien on a statement filed in the probate office as required by statute.

─────

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 South. 660; Wilbourne v. Mann, 203 Ala. 26, 81 South. 816; Code 1907, § 4754 et seq.

[1-3] It cannot be maintained under the statute that, because the Birmingham Realty Company gave credit for $4,750 of the cost of the improvements and made that sum payable in installments, this fact alone had the effect of preventing its legal claim under the statute for the difference between the original cost of the improvements (averred to be $9,073.86) and the sum of $4,750 that by contract was made payable in installments. A mechanic's or materialman's lien is extended to any interests in land which is legally subject to mortgage. Montandon v. Deas, 14 Ala. 33, 48 Am. Dec. 84; Ala. State Fair v. Ala. Gas Co., 131 Ala. 256, 31 South. 26.

The case of Lane & Bodley v. Jones, 79 Ala. 156, is not to the contrary of the effect given the statute by the circuit court in equity in the instant ruling, though by that and other decisions it was declared in this jurisdiction that the intention to discharge an antecedent debt may be implied from attending circumstances, and that the subsequent conduct of the creditor may be looked to, in a proper case, in arriving at a conclusion in respect to such intention. Manser v. Sims, 157 Ala. 167, 47 South. 270; Jefferson Plumb. & Mill Supply Co. v. Peebles, 195 Ala. 608, 71 South. 413; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363. When the averments of the bill are construed according to the rule obtaining in such matters, no waiver of the mechanic's lien, expressed or implied, as to the balance of $4,323.86, is averred; nor is there anything averred in the bill or exhibits thereto that would show, when the pleadings are construed most strongly against the pleader, and it will not be inferred, that it was the intention of the parties to the instant contract that the balance of $4,323.86 was extended and to be paid by installments, as was their agreement as to the $4,750.

The averments of the bill were that to the full amount of the construction price of the house, to wit, $9,073.86, was applied the amount of $4,750 (stipulated to be paid by installments as indicated), leaving a balance due of $4,323.86 by respondent to complainant for work and labor done and material furnished by it in the construction of the house, pursuant to and in accordance with the plans and specifications and instructions of the said respondent, which was done and constructed by complainant. It was for the extent of this balance that the statutory lien was to be declared and enforced.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.