# CASES

IN THE

# SUPREME COURT OF ALABAMA

## OCTOBER TERMS, 1923-1924, 1924-1925

(100 South. 312)

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**BUSH v. STATE.**

(4 Div. 109.)

(Supreme Court of Alabama.   Dec. 13, 1923.
Rehearing Denied Jan. 31, 1924.)

**1. Criminal law ⬅815(9)—Charge not to acquit if jury satisfied that defendant assaulted prosecutrix, not error.**

Charge that if jury were satisfied beyond reasonable doubt that defendant assaulted prosecutrix, then they could not acquit, was not erroneous because not requiring conclusion to be based on belief from evidence.

**2. Criminal law ⬅815(10)—Requested instruction not hypothesizing jury's belief as from evidence properly refused.**

In prosecution for assault with intent to ravish, it was not error to refuse defendant's requested instructions that, if jury believed that prosecutrix had willfully sworn falsely as to any material fact in the case, then jury could disregard all her testimony, since charges did not hypothesize jury's belief as from evidence.

**3. Criminal law ⬅829(16)—Charge that, if jury believed that prosecutrix swore falsely, they might reject testimony, properly refused in view of charges given; "belief."**

Where jury was instructed that if they were reasonably satisfied from evidence that prosecutrix willfully and falsely swore as to material facts, then they were authorized to disregard her testimony, it was not error to refuse charges that, if jury believed from testimony that prosecutrix swore falsely as to material fact, they could reject her testimony altogether; "belief" expressing a deeper degree of conviction than "reasonably satisfied."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Belief.]

Certiorari to Court of Appeals.

Leo Bush was convicted of an offense and appealed to the Court of Appeals; and, the judgment being reversed, the State, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Bush v. State, 19 Ala. App. 650, 100 South. 307.   Writ granted.

See, also, post, p. 2, 100 South. 314.

Charge 1, given at the request of the state, is as follows:

"(1) If the jury are satisfied beyond a reasonable doubt that defendant assaulted Alma McNeal, then the jury cannot acquit him."

Charges 2, 3, and 15, refused to defendant, are as follows:

"(2) The court charges the jury that if they believe that the witness Alma McNeal has willfully sworn falsely as to any material fact in the case, that they may wholly disregard all of her testimony.

"(3) If the jury believe that Alma McNeal willfully and corruptly swore falsely as to any material fact, then they may disregard all her testimony."

"(15) If the jury believe from the testimony that Alma McNeal willfuly and corruptly on this trial swore falsely as to any material fact, then they may reject her testimony altogether."

Charges 6 and 7, given for defendant, read:

"(6) The court charges the jury that if they are reasonably satisfied from the evidence that Alma McNeal willfully and falsely swore as to any material facts in the case, then the jury are authorized to disregard her testimony entirely, they should acquit the defendant."

"(7) If the jury are reasonably satisfied from the evidence that Alma McNeal willfully and falsely swore as to any material fact in the case, then the jury are authorized to disregard her testimony entirely."

Harwell G. Davis, Atty. Gen., and Oscar S. Lewis, of Dothan, for petitioner.

Failure of the charge, given for the state, to refer to the evidence, did not render it affirmatively faulty.   Clayton v. Jordan, 209 Ala. 334, 96 South. 260.   Charges 2 and 3, refused to defendant, are not predicated upon the evidence, and there was no error in their refusal.   Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 179. There is no error to refuse a charge the effect of which has already been given in instruction to the jury, and which given instructions require a lesser degree of proof than the one refused.

Lee & Tompkins, of Dothan, and James J. Mayfield, of Montgomery, opposed.

Charge 1, given for the state, was faulty, in failing to predicate a conviction upon belief of the evidence. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179. The case of Clayton v. Jordan, cited by petitioner, is a civil case, and has no application here. In a criminal case the presumption of innocence attends the defendant until his guilt is established beyond all reasonable doubt. Newsome v. State, 107 Ala. 134, 18 South. 206; Rogers v. State, 117 Ala. 192, 23 South. 82. The error in refusal of charges requested by defendant was not cured by given charges.

SAYRE, J. [1] In its opinion on application for rehearing the Court of Appeals held the giving of charge 1 at the request of the state was error to reverse—this upon the ground that the charge fails to base or hypothesize the jury's conclusion upon belief "from the evidence." We have heretofore decided that trial courts may without error refuse such charges (Davis v. State, 188 Ala. 59, 66 South. 67, referred to in Edwards v. State, 205 Ala. 160, 87 South. 179), but reasons why error should not be predicated of the giving of such charges, when in other respects they state the law of the case correctly, were stated by Stone, C. J., in Hall v. Posey, 79 Ala. 84, and that decision has been consistently followed in subsequent cases. Mansfield v. Morgan, 140 Ala. 567, 37 South. 393; Davis v. Kornman, 141 Ala. 479, 37 South. 789; Duncan v. St. L. & San F., 152 Ala. 133, 44 South. 418; State v. Brintle, 207 Ala. 500, 93 South. 429; Clayton v. Jordan, 209 Ala. 334, 96 South. 260. And there is no reason why this rule should not apply in criminal as in civil causes.

[2, 3] Error, in the opinion of the Court of Appeals, is also predicated of the trial court's refusal of charges 2, 3, and 15, requested by defendant. We assume that there was a phase of the evidence calling for a correct statement to the jury of the general rule of law embodied in these charges, for similar charges were given in the trial court, and, otherwise the question as to the charges now under discussion would have been dismissed from consideration as abstract. On the authority cited first above, error cannot be predicated of the refusal of charges 2 and 3, for they do not hypothesize the jury's belief as "from the evidence." But the refusal of charge 15 raises a different question, for the hypothesis there is that "the jury believe from the testimony," etc. The legal proposition sought to be stated in this charge is usually predicated of a "finding" by the jury, and in that form this court has frequently said that it should be given in cases calling for its application. By it the jury are instructed, not that they must disregard the whole testimony of the witness in the event hypothesized, but only that they may do so—have the legal right to do so. McClellan v. State, 117 Ala. 140, 23 South. 653; A. G. S. R. R. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; Jordan v. State, 81 Ala. 20, 1 South. 577; Childs v. State, 76 Ala. 93. Other cases to the same effect might be cited. But our judgment is that in charges 6 and 7, given to the jury at his request, defendant had the benefit of the general proposition involved in a form more favorable to his cause, and has now no just ground of complaint. "Believe," the term used in the refused charge, is stronger, expresses a deeper degree of conviction, than the phrase "reasonably satisfied," employed in the charges given. Farmers' & Merchants' Bank v. Hollind, 200 Ala. 371, 76 South. 287. Defendant may have been willing to have the proposition stated in terms less favorable than his due; but it was no business of the trial court to give in charge to the jury any instruction except in the correct and appropriate terms of the law.

The conclusion is that the Court of Appeals erred in its consideration of the charges under discussion, and that, as for any question made upon these charges, the judgment of the trial court should have been affirmed.

Writ granted; judgment of the Court of Appeals reversed, and cause remanded to that court for further proceedings in accordance with this opinion.

All the Justices concur.

Harwell G. Davis, Atty. Gen., and O. S. Lewis, of Dothan, for petitioner.

Lee & Tompkins, of Dothan, and James J. Mayfield, of Montgomery, opposed.