(103 So. 586)

## OLIVER'S GARAGE v. LOWE. (6 Div. 354.)

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied April 16, 1925.)

**1. Trial ☞171—Refusal of motion to exclude evidence and direct verdict not ground for reversal.**

Trial court will not be reversed for refusing a motion to exclude all the evidence by defendant and to direct a verdict before defendant rests his case.

**2. Trial ☞194(8)—Charge that there was no evidence of defendant's negligence held properly refused under evidence.**

In action for injuries, charge that there was no evidence that any officer or employee of defendant having authority to bind it, and while acting in scope of his employment, was negligent so as to make defendant liable for his negligence, held properly refused under the evidence.

**3. Trial ☞194(8) — Charge that no evidence existed showing that defendant was guilty of any wrongful act making it liable for damages to plaintiff held properly refused under the evidence.**

In action for injuries, charge that no evidence existed showing that any officer or employee of defendant, while acting in scope of his employment, was guilty of any wrongful act making defendant liable for damages to plaintiff, held properly refused under the evidence.

**4. Trial ☞228(3)—Charge held properly refused because of word "believe" instead of "reasonably satisfied."**

In action for injuries, charge that before jury could find for plaintiff they must "believe" that some officer or employee of defendant, while acting in scope of his employment with authority to bind defendant, was negligent which proximately contributed to plaintiff's injury, held properly refused because of word "believe" instead of "reasonably satisfied."

**5. Trial ☞260(1)—Refusal of charge, substance of which is covered by another charge, is not erroneous.**

Refusal of charge, substance of which is covered by another charge, is not erroneous.

**6. Judgment ☞256(5)—Verdict held sufficient to support judgment rendered.**

In action for injuries, verdict against defendant "Oliver's Garage," which was described in complaint as a corporation, was sufficient to support judgment as rendered against "Oliver's Garage, a Corporation."

**7. New trial ☞99—Refusal to consider affidavits in support of motion for new trial held not erroneous.**

Trial court did not err in declining to consider affidavits offered by defendant in support of its motion for a new trial, where they were cumulative of facts developed and contested on main trial, and no reason was shown why such witnesses could not have been used at trial.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Willie R. Lowe against Oliver's Garage and another. Judgment for plaintiff, and defendant Garage appeals. Transferred from Court of Appeals under section 6, p. 449, Act of 1911. Affirmed.

The complaint claims damages of Oliver's Garage, a corporation, and Tujague Import-

---

ing Company, a corporation, for personal injuries alleged to have been caused by the negligence of the agent of defendants in so operating an automobile truck, on a public highway in the city of Birmingham, as that said truck was caused or allowed to collide with a pipe or shaft near the sidewalk, thereby causing the pipe or shaft to fall against plaintiff, injuring him.

It appears that the truck was the property of the Tujague Importing Company, and was at night kept in Oliver's Garage. The disputed question of fact was whether the driver, at the time of the injury, was the agent of the Tujague Company or the Oliver Company.

The following requests for instruction were refused to defendant:

"(5) I charge you that there is no evidence in this case showing, or tending to show, that any officer, agent, employee, or servant of defendant Oliver's Garage, having authority to bind Oliver's Garage in this case, while acting in the line and scope of his employment, was guilty of any negligence of such sort as to make said defendant liable for such negligent act, in this case.

"(6) I charge you that there is no evidence in this case showing, or tending to show, that any officer, agent, employee, or servant of defendant Oliver's Garage, having authority to bind Oliver's Garage in this case, while acting in the line and scope of his employment, was guilty of any wrongful act of such sort as to make said defendant liable for damages to plaintiff for such wrongful act in this case.

"(7) I charge you that before you can find a verdict in favor of plaintiff against Oliver's Garage, a corporation, you must believe from the evidence that some officer, agent, employee, or servant of said defendant, while acting in the line and scope of his employment, with authority to bind said defendant in that respect, was guilty of some negligence or wrongful act, which proximately contributed to plaintiff's injury the basis of this suit."

There was verdict for plaintiff, against Oliver's Garage, for $500, which was reduced by the trial court to $300.

William Vaughan, of Birmingham, for appellant.

Ralph W. Quinn and William F. Spencer, both of Birmingham, for appellee.

Counsel argue, respectively, the questions raised, but without citing authorities.

ANDERSON, C. J. [1] This court has repeatedly condemned the practice of moving to exclude all of the evidence by the defendant and requesting the direction of a verdict or the general affirmative charge before resting his case, and the trial court will not be reversed for refusing such a motion. Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70. Moreover, the plaintiff's evidence made out a prima facie case and all the evidence justified the refusal of the general charge at the request of this defendant as to the only count that went to the jury, count 2 having been charged out.

[2, 3] Charges 5 and 6, requested by the defendant, were properly refused, as there was evidence tending to establish negligence and the other facts therein set forth.

[4, 5] Charge 7, requested by the defendant, was well refused because of the use of the word "believe" instead of "reasonably satisfied." Farmers' Bank v. Hollind, 200 Ala. 371, 76 So. 287. The substance of this charge, however, was covered by given charge 12, which properly set out the degree of proof or the state of mind of the jury.

What purports to be defendant's refused charge 4, as set out in the bill of exceptions, appears to have been given as presented by the record proper, but, should they be considered as separate charges, the giving of one neutralized the refusal of the other.

[6] The verdict was in favor of the codefendant Tujague Importing Company and against this appellant, the only other defendant, and named in the verdict as "Oliver's Garage," and which was described in the complaint as a corporation, and the verdict was sufficient to support the judgment as rendered against "Oliver's Garage, a corporation."

The verdict was not so contrary to the great weight of the evidence as to place the trial court in error for refusing the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738. Nor was the verdict, as reduced by the trial court and accepted by the plaintiff, so excessive as to not be warranted by the evidence or to indicate passion or prejudice on the part of the jury.

[7] The trial court did not err in declining to consider the affidavits of Davis and Wetherington offered by appellant in support of its motion for a new trial. They were merely cumulative of the facts developed and contested upon the main trial, and no reason or excuse was shown why these witnesses could not have been used at the trial.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.