(112 So. 422)

## BIRMINGHAM BELT R. CO. v. NELSON.
### (6 Div. 733.)

Supreme Court of Alabama.   March 24, 1927.

Rehearing Denied April 28, 1927.

**I. Railroads ⚖⇒327(I)—Motorist, failing to stop, look, and. listen before crossing railroad, held guilty of contributory negligence.**

Motorist, who did not stop, look, and listen immediately before attempting to cross railroad, who could have discovered approaching train by doing so, *held* guilty of negligence proximately contributing to injury sustained when train struck car, so as to bar recovery for antecedent simple negligence of railroad.

**2. Railroads ⚖⇒350(33)—Whether railroad's employees discovered motorist's peril in time to prevent collision held for jury.**

In action against railroad for personal injuries in collision with automobile at crossing, evidence *held* sufficient to take to jury question whether railroad's employees discovered plaintiff's peril in time to have prevented collision by stopping.

**3. Railroads ⚖⇒350(34)—Wantonness held for jury on evidence showing train approached "populous" crossing at 15 miles per hour without signal or lookout.**

In motorist's action against railroad for injuries in collision at crossing, question of wantonness *held* for jury, where testimony showed that train approached crossing, which was "populous," at 15 miles per hour without signals, warning, or lookout.

**4. Railroads ⚖⇒338—Charges barring recovery, if trainmen did best in honest judgment to prevent accident at crossing, held properly refused.**

In motorist's action against railroad for personal injuries in collision at crossing, charges that, if train crew "did their best in their honest judgment to prevent the accident," plaintiff should not recover, *held* properly refused.

### On Rehearing.

**5. Appeal and error ⚖⇒1067—In personal injury action, refusal of charge barring recovery, if jury should "believe" accident was solely due to plaintiff's negligence, held not reversible error; "reasonably satisfied."**

In personal injury action against railroad, refusal of charge barring recovery, if jury should "believe" accident was due solely to plaintiff's negligence, *held* not reversible error, since "reasonably satisfied" is correct term expressing degree of conviction required.

[Ed. Note.—For other definitions, see Words and Phrases, Reasonably Satisfied.]

**6. Appeal and error ⚖⇒1067—Refusal of charge without hypothesis on belief of evidence held not reversible error in personal injury action against railroad.**

In personal injury action by motorist against railroad, refusal of charge that plaintiff was guilty of negligence proximately contributing to accident in not stopping, looking, and listening before crossing track, *held* not reversible error, since it was without hypothesis on belief of evidence.

**7. Railroads ⚖⇒351(16)—Where motorist failed to stop, look, and listen before crossing railroad, refusal of charge that he was contributorily negligent held error.**

In action by motorist against railroad for personal injuries sustained in collision at crossing, refusal of charge that, if jury believed evidence, plaintiff was guilty of negligence proximately contributing to accident, *held* error, where plaintiff failed to stop, look, and listen immediately before crossing track.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for personal injuries by C. H. Nelson against the Birmingham Belt Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

These charges were refused to defendant:

"(7) The court charges the jury that if you believe the evidence in this case, Mr. Nelson, the driver of the car, was guilty of negligence proximately contributing to the accident."

"(11) The court charges the jury that the driver of the automobile was guilty of negligence proximately contributing to the accident, in not stopping the automobile, and after so stopping, looking, and listening for the approaching train before attempting to cross over the track."

"(22) The court charges the jury that, if you believe from the evidence that the sole proximate cause of the accident was the negligence on the part of the driver of the automobile in going upon the track without first stopping to ascertain whether or not a train was approaching thereon, and if you further believe from the evidence that the train, prior to the accident, at all times was operated by the train crew and engineer with due care, then your verdict cannot be for the plaintiff."

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellant.

Where the admitted facts show conclusively that the plaintiff could have seen the approaching train in time to avoid collision by stopping, looking, and listening, his failure to do so was the proximate cause of the injury as a matter of law. Hines v. Cooper, 205 Ala. 70, 88 So. 133; Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332; Rothrock v. A. G. S., 201 Ala. 308, 78 So. 84; L. & N. v. Rush, 208 Ala. 516, 94 So. 577; Fayet v. St. L. & S. F., 203 Ala. 3, 81 So. 671. The burden of proving wanton conduct was upon the plaintiff, and on failure to discharge this burden the defendant was entitled to the affirmative charge. L. & N. v. Rush, supra; L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191; Snider v. A. G. S., 210 Ala. 119, 97 So. 209. Where the uncontradicted evidence

shows the engineer did all things known to skillful engineers to stop the train after discovery of plaintiff's peril, no subsequent negligence can be attributed to the defendant. Harris v. N., C. & St. L., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261.

Altman, Taylor & Koenig, of Birmingham, for appellee.

Under the count charging simple negligence, a recovery may be had on proof of subsequent negligence Saxon v. C. of G., 192 Ala. 434, 68 So. 313; Miles v. Hines, 205 Ala. 83, 87 So. 837. The testimony introduced and inferences to be drawn therefrom make the question of subsequent negligence one for the jury. Thompson v. M. & O., 211 Ala. 646, 101 So. 441; C. of G. v. Porter, 207 Ala. 417, 93 So. 394; Gulf, M. & N. R. Co. v. Fowler, 19 Ala. App. 163, 96 So. 87; L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191. Where there is evidence to support plaintiff's cause of action, the question is for the jury. Southern S. F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Allen v. Fincher, 187 Ala. 599, 65 So. 946. Whether the negligence of the trainmen or that of the plaintiff proximately caused the injury was for the jury. Miles v. Hines, 205 Ala. 83, 87 So. 837. Charge 22 was properly refused. Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338. Charges 7 and 11 are misleading and it is not error to refuse misleading charges.

BROWN, J. This is an action for personal injuries received by the plaintiff in a collision, on a grade crossing, between an automobile operated by the plaintiff and a railroad car constituting a train of eight cars, being handled by a switching crew of the defendant. The collision occurred in the daytime, at the intersection of First avenue and Thirty-Second street in the city of Birmingham. The complaint consists of two counts, the first ascribing the injury to the negligence of the defendant's servants in such sort as to embrace initial simple negligence, as well as negligence after the discovery of peril; the second count ascribes the injury to wantonness on the part of the defendant's servants. The pleas were not guilty and contributory negligence, pleaded in short, by consent.

[1] It is admitted by the plaintiff that he did not stop and look and listen before attempting to cross the railroad tracks, and that he only looked once in the direction of the train of cars at a place about 75 feet distant from the crossing, at which place he could not see the train on account of obstructions in the path of his vision; that he did not discover the approach of the train until the front wheels of the automobile reached the first rail, and the lead car was then in such proximity to him that it collided with the rear end of the automobile before it cleared the crossing, the contact being from the rear door back. It is not a matter left in doubt by the evidence that, if the plaintiff had stopped and looked and listened immediately before attempting to cross over the railroad tracks, he would have discovered the approaching train, and under the repeated decisions of this court, in failing to do so he was guilty of negligence proximately contributing to his injury, and cannot recover for antecedent simple negligence on the part of the persons operating the train, if, in fact, they were guilty of such negligence. A. C. L. Ry. Co. v. Jones, 202 Ala. 222, 80 So. 44; Central of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 So. 1006; Hines v. Cooper, 205 Ala. 70, 88 So. 133.

Charges 7, 11, and 22 asserted correct propositions of law applicable to the case, and should have been given.

[2] The crew in charge of the train was engaged in switching, and consisted of the engineer, brakeman, foreman, and flagman. The train consisted of eight cars attached to the locomotive equipped with air brakes. The evidence shows that the engineer and brakeman, from their respective positions, could not see the street crossing; that the engineer, in the movement of the train, was governed by signals transmitted to him by the foreman from his position on top of the lead car through the brakeman who was located on the fourth or fifth car from the engine. The defendant's evidence tended to show that Barnes, the foreman of the crew, was at his place on top of the lead car to receive signals and transmit them to the engineer for the movement of the train; that the flagman, Johnson, was at his place on the crossing engaged in opening the switch and flagging the traffic, and giving signals to Barnes for the movement of the train. While the evidence offered by the plaintiff was in conflict with that of the defendant in respect to the positions of Barnes and Johnson, and tended to show that there was no one at the crossing or on top of the cars, this conflict is without influence in determining the issue of negligence after the discovery of peril, for, if neither Barnes nor Johnson was in a position to observe the approach of the automobile driven by the plaintiff, it is clear that plaintiff's peril was not discovered in time to prevent the collision.

The testimony of Johnson and Barnes shows, or at least tends to show, that they observed the approach of the automobile driven by the plaintiff as it crossed the viaduct, two blocks from the crossing; that it continued its course without checking its speed until it reached the crossing and came in collision with the train, and, when this testimony is viewed in the light of the other evidence as to the nature of the crossing, the .

condition of the traffic, at the time, and the circumstances surrounding and leading up to the accident, it cannot be affirmed as a matter of law that the flagman and foreman, one or both, did not discover the plaintiff's peril in time to have given a stop signal to the engineer, which would have prevented the collision; and that the failure to act more promptly in this respect, under the circumstances, was not negligence proximately causing plaintiff's injuries. Birmingham Southern R. Co. v. Harrison, 203 Ala. 291, 82 So. 534; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 So. 238, 16 L. R. A. (N. S.) 301.

[3] The evidence shows that the crossing in question was a much used and "populous" crossing, a fact, as some of the evidence tended to show, known to those in charge of the train; that on the occasion of the accident a number of automobiles were traveling along First avenue at rapid rate of speed, in both directions, and some of the testimony tended to show that the cars attached to the engine were pushed across the avenue at 15 miles per hour, without signals or warning, and without a lookout on top of the cars, or flagman preceding them, and, under the authorities, the question of wantonness was for the jury. A. G. S. R. Co. v. Guest, 136 Ala. 348, 34 So. 968; A. G. S. R. R. Co. v. Guest, 144 Ala. 373, 39 So. 654.

[4] Charges 1, 2, 3, 4, 16, 18, 19, as well as the unnumbered charges asserting that, if the train crew "did their best in their honest judgment to prevent the accident," plaintiff should not recover, were properly refused. L. & N. R. R. Co. v. Young, supra. For the errors pointed out, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

[5] Counsel for appellee, in their brief on application for rehearing, point out that charge 22, refused to the defendant, uses the word "believe," while the correct and appropriate term expressing the degree of conviction essential to establish an issue of fact is that the jury must be "reasonably satisfied"; a criticism not pointed out in briefs and argument on the original submission.

Under the decisions of this court reversible error will not be predicated on the giving or refusal of such charges. Conway v. Robinson, 113 So. 531;[1] Ex parte State ex rel. Attorney General, 211 Ala. 1, 100 So. 312; Farmers' & Merchants' Bank v. Hollind, 200 Ala. 371, 76 So. 287; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Oliver's Ga-

rage v. Lowe, 212 Ala. 602, 103 So. 586; Tyler et al. v. Birmingham Realty Co., 207 Ala. 210, 92 So. 264.

[6] Charge 11 was without hypothesis on a belief of the evidence, and its refusal was not reversible error. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

[7] We are still of opinion that the court erred in refusing charge 7. This charge in no way deals with or affected the issue of wantonness or subsequent negligence, and the giving of this charge would have simplified the real issues in the case by the elimination of the issue of initial simple negligence.

Application overruled.