(121 So. 521)

CAIN et al. v. SKILLIN. (6 Div. 996.)

Supreme Court of Alabama. March 21, 1929.

Rehearing Denied April 18, 1929.

F. D. McArthur, of Birmingham, for appellants.

230

Altman & Koenig, of Birmingham, for appellee.

FOSTER, J. Appellee brought this action in the circuit court against appellant Cain, a state law enforcement officer, and appellant Union Indemnity Company as surety on his official bond, charging that in the line and scope of his official duties he committed an assault and battery on him.

Some of the tendencies of the evidence necessary to be stated to understand the questions presented are: That plaintiff and two companions had been to a dance and drank liquor, and plaintiff was considerably under its influence; that he had a room at the Hillman Hotel, and he and his companions entered the hotel about 2 o'clock in the morning, and went up to the fourth floor, where his room was located. As he passed down the hall he kicked a dish on the outside of the door of a room, and began to curse loudly, and was quite boisterous. They went to his room, and he continued to curse and made much noise. He had begun to undress, when defendant, who was occupying a room with his wife and baby on the same floor, having been awakened and become partly dressed, went to plaintiff's room and knocked, and was invited in. Plaintiff testified that when Cain came to his door, after he stepped in over the threshold, he said, "How in the hell do you get this way? What in the hell do you mean?" That plaintiff jumped up and started after him, just as soon as he reached the door, Cain said, "Don't come any further, I am an officer;" that plaintiff took another step and Cain threw up his hand with a gun; that plaintiff, having no weapon, said, "Throw down your gun and I'll whip you like a man;" then Cain started shooting.

Defendant's evidence tended to show that he spoke to plaintiff, but not in an offensive manner, but plaintiff became greatly incensed and rushed at him, waving his hand, in which he held something bright, and he backed off down the hall telling plaintiff not to advance, which he repeated a time or two, but plaintiff continued to advance with hostile demonstrations, when he shot three times. Two of the shots took effect, and plaintiff was seriously and permanently injured, spent a large sum for treatment, lost one leg and much time from his employment, and was caused much suffering, etc. There was a judgment for plaintiff for $5,000, the penalty of the bond.

Appellant Union Indemnity Company earnestly insists that it was due the affirmative charge, which was refused by the circuit court. The basis of that contention is that there was no evidence justifying a fair inference that Cain was acting in the line and scope of his authority. The court charged the jury that they must be reasonably satisfied of this to find against the bonding company. A consideration of the facts must be had in the light of the law. The court, in charging the jury, read section 926 of the Code, which in effect provides that the law enforcement officers may act as such anywhere in the state, *and at all times*, and shall see that the laws of the state are enforced, and have the same authority as sheriffs to

make arrests, and have the power *to suppress crime*, and execute the criminal laws, and therefore are conservators of the peace. Section 5135. It was the duty of such law enforcement officer to have pursued such reasonable effort as was necessary to suppress the disturbance, or to arrest the offender. He dressed and put on his belt with pistol in his scabbard, and went in search of the scene of the disturbance. There were others shown to occupy rooms on the same floor, but not shown to be officers. He was presumably the only officer on the floor, and charged with the duty to suppress this crime and execute all the criminal laws. He proceeded to where a crime was committed in violation of the state laws (public drunkenness and cursing in the hearing of a woman), and pursued a line of conduct which the jury could say had as its object the suppression of crime if not the arrest of the offender. His official person cannot be dissociated from his private person. He was within the line and scope of his authority if he was doing something in the furtherance of his duty to suppress crime or enforce the criminal laws, and was not solely impelled by motives that, wholly personal, or to gratify his own feelings or resentment. But, if he was acting in promotion of his duties, his conduct, though in gratification of his feelings or resentment, was within the line of his authority. Rochester-Hall Drug Co. v. Bowden (Ala. Sup.) 118 So. 674;[1] Palos Coal & Coke Co. v. Benson, 145 Ala. 669, 39 So. 727; Gulf, M. & N. R. Co. v. Havard, 217 Ala. 639, 117 So. 223; Nat. Life & Acc. Ins. Co. v. Cruso, 216 Ala. 421, 113 So. 396; 39 C. J. 1283. The affirmative charge for the surety company is not due from the fact that the officer may have acted improperly in performing his duties. Such improper conduct is the gist of this action. As said in our recent case of Union Indemnity Co. v. Webster (Ala. Sup.) 118 So. 794, 800:[2] "It is sufficient that he is acting, pretending or professing to do so, in the premises, under color of or by virtue of his office, and inducing others interested or affected thereby to believe he is so acting"—citing many authorities.

We think that to determine whether one, who is an officer, is acting under color of his office, where the facts do not clearly establish the issue without adverse reasonable inference, is one for the jury, and that in this case it was properly submitted to the jury.

On cross-examination of Will Harris, a witness for the plaintiff, and before defendants had offered any evidence, they proposed to prove that plaintiff was known to the witness to bear the reputation of being a quarrelsome, turbulent, and violent and dangerous man. The court sustained objection, and defendants excepted. After the wife of defend-

ant had testified tending to show an overt act by plaintiff as evidence of self-defense by Cain, defendants again offered to make this proof, and the court sustained an objection.

In a criminal case, in order to give color to an attack on defendant, and as incidental to a claim of an overt act by the assaulted party as evidence of self-defense by defendant, and after there has been evidence of such overt act, and as tending to show who was the aggressor when that is in dispute, defendant may prove the character of his assailant as to violence, turbulence, blood-thirstiness, and the like. Roberts v. State, 68 Ala. 156; Green v. State, 143 Ala. 2, 39 So. 362; Griffin v. State, 165 Ala. 29, 49, 50 So. 962; Pate v. State, 162 Ala. 32, 50 So. 357; Lambert v. State, 208 Ala. 42, 93 So. 708; Smith v. State, 197 Ala. 193, 194, 72 So. 316; Watson v. State, 181 Ala. 53, 54, 61 So. 334. This is not permissible if defendant without question is the aggressor. Griffin v. State, supra; Green v. State, supra.

We have never had a case in Alabama of a civil nature where this question was presented, so far as we are aware. It has been often held that in civil cases defendant may not prove his good character as he may do in criminal cases. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Hancock v. Hullett, 203 Ala. 272, 82 So. 522; Lester v. Gay, 217 Ala. 585, 117 So. 211; Sharp v. Clopton, 218 Ala. 140, 117 So. 647.

In the case of Pate v. State, supra, it is said that "defendant is presumed to know the general reputation of the deceased, as that means that it is generally known in the community." But defendant Cain testified that he did not know the plaintiff, and therefore we cannot presume that at that time he knew that plaintiff had a bad character for turbulence, etc.

In civil actions for assault and battery, when there is evidence of an overt act by plaintiff as evidence of self-defense by defendant, an exception to the rule in other civil cases seems to prevail in respect to evidence of plaintiff's character for violence, etc. The text of 2 Jones on Evidence (2d Ed.) p. 1231, states that under such circumstances defendant may make such proof. The same statement is made in the text of 5 C. J. 681, and in 2 R. C. L. 568, with the proviso added that such character has been brought to the knowledge of defendant prior to the assault. The texts of the three authorities cite the same cases, and they all assert that this is an exception to the general rule. An analysis of such cases discloses that Michigan is probably the leader in making this exception to the general rule. In the case of Culley v. Walkeen, 80 Mich. 443, 45 N. W. 368, it is stated that, when self-defense is involved in such an action for damages, plaintiff's character is admissible for turbulence, etc., when such fact has been brought to the knowledge of de-

[1] 218 Ala. 242.
[2] 218 Ala. 468.

fendant, citing other Michigan cases to the same effect. The Georgia court (Dannenberg v. Berkner, 118 Ga. 885, 45 S. E. 682) and the Wisconsin court (Lowe v. Ring, 123 Wis. 107, 101 N. W. 381) rely upon and follow the Michigan cases and the Texas cases to the same effect. In Texas and Vermont, the courts held knowledge by defendant of plaintiff's reputation necessary in such actions. McCormick v. Schrenck, 59 Tex. Civ. App. 139, 130 S. W. 720, citing Shook v. Peters, 59 Tex. 393; McQuiggan v. Ladd, 79 Vt. 90, 64 A. 503, 14 L. R. A. (N. S.) 689. It has been held in Texas in a criminal case that such evidence is not admissible when the assaulted man was unknown to defendant. Henderson v. State, 12 Tex. 525. In Kansas (Spain v. Rakestrew, 79 Kan. 758, 101 P. 466) and in Nebraska (Golder v. Lund, 50 Neb. 867, 70 N. W. 379), the question of knowledge by defendant of plaintiff's reputation is not mentioned as being necessary. In a New Hampshire case (Beckman v. Souther, 68 N. H. 381, 36 A. 14) and a New York case (Silliman v. Sampson, 42 App. Div. 623, 59 N. Y. S. 923) and also an Arkansas case (Cooper v. Demby, 122 Ark. 266, 183 S. W. 185, Ann. Cas. 1917D, 580), the proof showed that defendant had knowledge of plaintiff's character, though there was no discussion of such fact. In Missouri we find it is held, upon considering the particular subject of knowledge, that such knowledge by defendant is not necessary. Davenport v. Silvey, 265 Mo. 543, 178 S. W. 168, L. R. A. 1916A, 1240.

A note on this subject in L. R. A. 1916A, supra, treats the question of defendant's knowledge. It points out that, in cases holding such character evidence is only admissible "to *explain or justify defendant's conduct*" (page 1266), he must be shown or presumed to have knowledge of such character of his assailant; but in states where the evidence is admissible to "corroborate testimony as to the circumstances of the assault" such knowledge by defendant is not necessary. L. R. A. 1916A, p. 1268, where many authorities are cited.

Our cases, cited supra, show that in Alabama the evidence of such character is admissible for the purpose first stated, and also upon a disputed issue as to who was the aggressor, in connection with and after proof of an overt act of assault on defendant, leading to his claim of self-defense. Here the evidence for defendant tended to show that he approached and spoke to the plaintiff in a manner not to provoke the difficulty, but that plaintiff then became enraged and was the aggressor. The tendency of the plaintiff's evidence was that defendant provoked the difficulty. It was therefore proper for defendant to prove plaintiff's character for turbulence, violence, etc., on the issue as to who was the aggressor, though defendant did not know such character at the time, just as

it would have been proper under the circumstances to prove uncommunicated threats.

Our leading case on the subject of uncommunicated threats, establishing the existing rule, is Roberts v. State, supra, overruling other cases, and fixing the rule that they are admissible in connection with self-defense and after overt act shown, where it is doubtful which party commenced the fray, and to show the quo animo of the assailant. In the same case it is said that the character of the assailant for turbulence, violence, etc., is also admissible for the purpose of illustrating the circumstances and conduct of the deceased at the time of the killing. This rule as to threats is likewise so stated in Wilson v. State, 171 Ala. 25, 34, 54 So. 572, Howard v. State, 172 Ala. 402, 412, 55 So. 255, 34 L. R. A. (N. S.) 990, and Crumpton v. State, 167 Ala. 4, 11, 52 So. 605.

So, in the case of Green v. State, supra, it was said that such evidence of character is admissible to impress defendant with the reasonable belief of his imminent danger, and "of determining who was the aggressor." Of course, to impress defendant, he must be aware of the character of his assailant. But, as bearing upon the issue of who was the aggressor, it is not any more necessary that he knew of such character than that threats should have been communicated to him to be admissible. In order for either to be admissible as affecting the conduct of defendant, he should have knowledge thereof; but such knowledge in neither instance is necessary when it is admitted as evidence on a disputed issue of whether defendant or plaintiff was the aggressor. We can see no difference in principle on this subject, whether it is a criminal or a civil case. The court therefore committed error in denying this proof to appellant.

Appellant's refused charge 13 is in the language of a charge considered by this court in Hudson v. State, 217 Ala. 479, 116 So. 800, a criminal case. It is there shown that, while the charge correctly placed the burden of proof as to freedom from fault, it does not charge upon the effect of such proof, or that, if proven, defendant would be justified. In other words, the charge would justify defendant in shooting if the other elements of self-defense existed, without reference to freedom from fault. In that respect it is different from the charge considered in Bluitt v. State, 161 Ala. 14, 49 So. 854, and the same case in 151 Ala. 41, 44 So. 84.

Charge 11, refused appellants, is in the following language: "I charge you that *if you believe* from the evidence in this case that any material part of the testimony of Grady Chamblee is wilfully false, then you would be authorized to disregard his testimony entirely."

The refusal of charges similar to this, except that they use the words, "If you are

reasonably satisfied," instead of "if you believe," have been held error to reversal. T. C. I. & R. Co. v. Wilhite, 211 Ala. 195, 100 So. 135. Considering a charge using the language of that of charge 11 above, this court referred to the use of the words "believe" and "reasonably satisfied" in this connection, and showed that the former expressed a deeper degree of conviction than the latter, and that, though defendant may be willing to have the proposition stated in terms less favorable than his due; "it was no business of the trial court to give * * * to the jury any instruction except in the correct and appropriate terms of the law." Bush v. State, 211 Ala. 1, 100 So. 312.

The court likewise, in the case of B. Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422, and in Ala. Lime, etc., Co. v. Adams (Ala. Sup.) 119 So. 853,[3] pointed out that, when such a charge uses the word "believes" where "reasonably satisfied" is appropriate, reversal will not be predicated upon either the giving or refusal thereof. The authorities cited sustain the statement. Conway v. Robinson, 216 Ala. 495, 113 So. 531; Bush v. State, supra; F. & M. Bank v. Hollind, 200 Ala. 371, 76 So. 287; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Tyler v. Birmingham Realty Co., 207 Ala. 210, 92 So. 264.

Charge 10 is subject to the same defects, and for further defects pointed out in the case of Hall v. State, 130 Ala. 45 (9), 30 So. 422.

We have carefully considered all the assignments of error, and have found only one which we hold is erroneous to reversal. They are all either based upon well-established principles or charges are otherwise covered, and not prejudicial. We do not think it necessary to give separate treatment to each of them.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

