89 So.2d 108

**Clayton JACKSON**

v.

**STATE.**

**8 Div. 749.**

Court of Appeals of Alabama.

May 29, 1956.

Rehearing Denied June 19, 1956.

Jas. N. Bloodworth, Decatur, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

**HARWOOD, Presiding Judge.**

Under an indictment charging assault with intent to murder this appellant has been found guilty of assault and battery.

The evidence presented by the State tends to show that this appellant assaulted one James Burks and cut him in the neck with a knife, the wound inflicted requiring seven or eight sutures to close it.

If Burks' testimony be believed beyond a reasonable doubt, the appellant's actions were without legal justification.

On the other hand the appellant testified that he was the assaulted party and, in struggling to ward off Burks' attack upon him with a knife, Burks' wounds were inflicted.

▇ We have only outlined the evidence, for it is our conclusion that refusal by the court of appellant's requested written charge No. 22 necessitates a reversal of this cause.

Charges of exact import as charge 22 were held to correctly state the law and their refusal error in Wilson v. State, 243 Ala. 1, at page 19, 8 So.2d 422 (charges 16 and 33); Pate v. State, 19 Ala.App. 548, 98 So. 819; Creel v. State, 23 Ala.App. 241, 124 So. 507; Stafford v. State, 33 Ala. App. 163, 31 So.2d 146.

In his judgment denying appellant's motion for a new trial the learned trial judge, in reference to refused charge 22, supra, wrote that the charge "was obviously defective, in that, it did not call for a finding predicated on the jury being reasonably satisfied from the evidence. It employed the word 'believe' instead of being 'reasonably satisfied.' " For the quoted statement the court cites civil cases.

As stated in Wesson v. State, 251 Ala. 33, 36 So.2d 361, 362:

> "So-called belief charges have been denounced as erroneous in civil cases because the jury's verdict in such cases must be reached after becoming 'reasonably satisfied' from the evidence. Cain v. Skillin, 219 Ala. 228, 233 (9), 121 So. 521, 64 A.L.R. 1022, and cases cited.

> "However, the proper hypothesis for a requested charge in a criminal prosecution is rested on belief from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312."

▇ Every accused is entitled to have charges given which, without being misleading, correctly state the law applicable to his case, if supported by any evidence, however weak, insufficient, or doubtful in credibility. Duncan v. State, 30 Ala.App. 356, 6 So.2d 450.

Several other points are urged as error by counsel for appellant. These matters relate to alleged improper argument of the Solicitor. They are not likely to arise on another trial of this cause. We therefore pretermit consideration of them.

Reversed and remanded.